**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: October 6, 2014
Date Decided: October 15, 2014

Michael A. Weidinger, Esquire
Seton C. Mangine, Esquire
Pinckney, Weidinger, Urban & Joyce LLC
1220 North Market Street, Suite 950
Wilmington, Delaware 19801

Blake Rohrbacher, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Re: *Vaccaro v. APS Healthcare Bethesda, Inc. and Universal American Corp.*, Civil Action No. 9637-VCG

Dear Counsel:

This matter involves a dispute over severance obligations in the employment agreement between Plaintiff Jerome Vaccaro and Defendants APS Healthcare Bethesda, Inc. ("APS") and Universal American Corp. ("Universal"), entered into on January 10, 2012 (the "Original Agreement"), amended on April 29, 2013 (the "Amended Agreement"), and at all times governed by New York law. Reduced to its simplest terms, the parties' dispute concerns whether the Amended Agreement completely replaced all severance obligations in the Original Agreement, as the Defendants contend, or only replaced a portion of the severance obligations in the Original Agreement, leaving the rest in place, as the Plaintiff contends. At this stage in the litigation, the Defendants have moved to dismiss or stay the Plaintiff's action, arguing both that I should use my discretion to defer to a first-filed action in

the United States District Court for the District of Delaware[1] and that this Court lacks subject matter jurisdiction to hear the dispute. In this Letter I address the latter threshold issue of whether this Court properly has jurisdiction over the Plaintiff's claims.

This Court is one of limited jurisdiction. The Court of Chancery's subject matter jurisdiction is confined to three realms: "(1) the invocation of an equitable right; (2) a request for an equitable remedy when there is no adequate remedy at law; or (3) a statutory delegation of subject matter jurisdiction."[2] The Complaint here implicates only the second of these prongs—the request for an equitable remedy: contract reformation. The Plaintiff has brought four Counts stemming from the severance dispute: (1) breach of contract for the Defendants' alleged violation of the Amended Agreement; (2) breach of contract for the Defendants' alleged violation of a separate severance agreement executed at the time of the Plaintiff's release; and, in the alterative, (3) fraud for the Defendants' alleged intentional misleading conduct inducing the Plaintiff to enter the Amended Agreement and (4) reformation of the Amended Agreement to conform to the Plaintiff's understanding of the severance obligations at the time of contracting.

---

[1] Whether the federal lawsuit, which involves APS and Universal suing Vaccaro and other parties over allegedly fraudulently inducing the sale of Partners Healthcare Solutions, Inc. to Universal, sufficiently meets the test announced in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281, 283 (Del. 1970), is an issue that I reserve for a later ruling.

[2] *E.g.*, *Gladney v. City of Wilmington*, 2011 WL 6016048, at *3 (Del. Ch. Nov. 30, 2011).

As only Count IV seeks an equitable remedy,[3] this Court's subject matter jurisdiction over the dispute hinges on its survival. The Defendants concede that this Court has jurisdiction over claims seeking reformation of a contract, but argue that the Plaintiff's claim seeking reformation here fails as a matter of New York law, would not survive a motion to dismiss, and is essentially a mere makeweight intended solely to, but insufficient to, invoke the jurisdiction of this Court.[4]

Under New York law, "a party seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation."[5] The Plaintiff has pled as much, alleging in Count IV that "[t]o the extent the Defendants' severance obligations differ from Vaccaro's understanding of them, Vaccaro is entitled to have the [Amended Agreement] reformed to conform to the parties' specific prior understanding of the Defendants' severance obligations to Vaccaro," because the "Defendants' affirmative representations" caused him to believe that the severance payments

---

[3] *See, e.g.*, *Waggoner v. Laster*, 581 A.2d 1127, 1135 (Del. 1990) ("It is a basic principle of equity that the Court of Chancery has jurisdiction to reform a document to make it conform to the original intent of the parties."); *Travelers Indem. Co. v. N. Am. Phillips Corps.*, 1992 WL 210560, at *2 (Del. Ch. Aug. 26, 1992) (finding proper jurisdiction over an action in which a plaintiff sought "reformation as an alternative form of relief in several of its claims and as the only form of relief for [other claims]" because "reformation is an equitable remedy that may be granted only by a Court exercising equitable powers").

[4] In briefing, the Defendants also argued that Chancery jurisdiction is improper because the Plaintiff's breach of contract actions at law can grant full relief. However, the Defendants are challenging the Plaintiff's interpretation of the contract; if this Court finds against the Plaintiff on contract interpretation, he seeks reformation, an equitable remedy, as an alternative.

[5] *E.g.*, *Yu Han Young v. Chiu*, 853 N.Y.S.2d 575, 576 (N.Y. App. Div. 2008).

3

would only increase under the Amended Agreement.[6] The Defendants contend, however, that this argument fails as a matter of New York law due to the principle in that state that a plaintiff "cannot claim he was defrauded by an oral representation that is contradicted by the unambiguous written contract he signed."[7] The language of the Amended Agreement is "crystal clear," the Defendants argue, and provides that the severance obligations in the Amended Agreement completely replaced those in the Original Agreement, such that any oral representation to the contrary may not serve as grounds for a valid claim seeking reformation under New York law.[8] Specifically, the Defendants cite language in the Amended Agreement that the benefits enumerated therein "shall replace any benefits or other payments that might otherwise be owed to [the Plaintiff] under [the Original Agreement and related equity award agreements]."[9] In rebuttal, the Plaintiff points to language in the Amended Agreement that "[e]xcept as amended hereby, all other terms and conditions of [the Original Agreement and related equity award agreements] shall remain in full force and effect through the Termination Date."[10] The Plaintiff further points out that the benefit-replacement clause cited by the Defendants is conditional; it applies "in the event (i) [the Plaintiff] remains continuously employed by [Universal] through the

---

[6] Compl. ¶¶ 84–88; *see also id.* ¶¶ 77–79.
[7] Defs.' Op. Br. in Supp. of Mot. to Dismiss or Stay, at 29.
[8] *Id.*
[9] Compl. Ex. B.
[10] *Id.*

4

Termination Date and [is] not terminated for Cause, [and] (ii) [the Plaintiff] perform[s] [his] assigned duties in a reasonably satisfactory manner."[11] Consistent with this language, the Plaintiff contends that only one section of severance obligations in the Original Agreement was replaced by the Amended Agreement, and that by the language of the Amended Agreement this new set of benefits would "replace any benefits or other payments" *only if* the Plaintiff fulfilled the added requirements of working through the agreed termination date, avoiding termination "for Cause," and satisfactorily performing his assigned duties. In other words, the Plaintiff argues that he was always guaranteed, at a minimum, the severance obligations found in other sections of the Original Agreement, which were left in place by the Amended Agreement as an alternative severance package in the event that the Plaintiff quit, was terminated "for Cause," or was found not to have satisfactorily performed his assigned duties. To the extent both the Plaintiff's and the Defendants' readings of the contract are plausible, an ambiguity exists, and reformation based on fraud is available, if warranted, under New York law.

In order to find that the Plaintiff's claim seeking reformation fails as a matter of law, I must determine "with 'reasonable certainty' that a plaintiff could prevail on no set of facts that can be [reasonably] inferred from the pleadings," when taken

---

[11] *Id.*

as true.[12] Here, without making any determination as to the ultimate validity of the Plaintiff's claims, I find that the language of the Amended Agreement, and consequently its effect on the severance obligations in the Original Agreement, is reasonably subject to diverging interpretations. Contrary to the Defendants' position, the language of the Amended Agreement is not so clear as to preclude the Plaintiff's fraudulent-inducement argument under New York law, and thus his claim seeking reformation in this Court.[13] Rather, the claim seeking reformation endures, and with it so does this Court's subject matter jurisdiction over the dispute.

Accordingly, for the foregoing reasons, the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED. Nothing in this Letter prevents any party from seeking case dispositive motions with respect to any count. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[12] *Cf. Solomon v. Pathe Comm'ns Corp.*, 672 A.2d 35, 38 (Del. 1996) (citation omitted) (considering a motion to dismiss for failure to state a claim).

[13] The Defendants have not explicitly argued whether the reformation sought in Count IV would lead to substantially the same remedy as that advanced under the common-law fraud claim of Count III. Based on the very limited record before me, I cannot say that the legal damages available for fraud in the inducement of the Amended Agreement are equivalent to reformation such that the legal remedy is sufficient here.