**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 2, 2014
Date Decided: January 9, 2015

Michael A. Weidinger, Esquire
Seton C. Mangine, Esquire
Pinckney, Weidinger, Urban & Joyce LLC
1220 North Market Street, Suite 950
Wilmington, Delaware 19801

Blake Rohrbacher, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

> Re: *Vaccaro v. APS Healthcare Bethesda, Inc. and Universal American Corp.*, Civil Action No. 9637-VCG

Dear Counsel:

This matter involves a dispute over severance obligations in the employment agreement between Plaintiff Jerome Vaccaro and Defendants APS Healthcare Bethesda, Inc. ("APS") and Universal American Corp. ("Universal"). At this stage in the litigation, the Defendants have moved to dismiss or stay Vaccaro's action, arguing both that this Court lacks subject matter jurisdiction to hear the dispute and that I should use my discretion to defer to a first-filed action in the United States District Court for the District of Delaware, in which Universal is suing multiple defendants, including Vaccaro, for allegedly fraudulently inducing the 2012 sale of APS to Universal (the "Securities Fraud Lawsuit").[1] In a previous letter opinion, I

---

[1] *Universal American Corp. v. Partners Healthcare Solutions Holdings, L.P.*, C.A. No. 13-1741-RGA (D. Del.).

addressed the issue of whether this Court properly has jurisdiction over Vaccaro's claims, finding that it does.[2] Remaining before me is whether I should use my discretion under the test announced in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*[3] to defer to the Securities Fraud Lawsuit previously filed in the federal district court.

After considering the additional briefing and letters submitted by the parties on this issue, and without specifically finding sufficient overlap of issues between the two cases to invoke *McWane*, I find that concerns of judicial and litigants' economy support a continuance of my consideration of the Defendants' Motion to Dismiss or Stay in this action. Currently pending in the Securities Fraud Lawsuit is Vaccaro's Motion to Dismiss Universal's First Amended and Supplemental Complaint, the resolution of which will necessarily clarify disputed issues that I must consider here. Consequently, I am postponing my consideration of the Defendants' Motion to Dismiss or Stay pending resolution of Vaccaro's Motion to Dismiss in the Securities Fraud Lawsuit.[4] The parties should provide the Court

---

[2] *Vaccaro v. APS Healthcare Bethesda, Inc.*, 2014 WL 5206767, at *2 (Del. Ch. Oct. 15, 2014).
[3] 263 A.2d 281, 283 (Del. 1970).
[4] *See Eichenberg v. Salomon*, 1983 WL 103257, at *1 (Del. Ch. Feb. 23, 1983) (noting that the Court had previously "ruled that defendants' motion to stay must be held in abeyance pending a ruling by the United States District Court for the District of Delaware on whether it will accept pendent jurisdiction over State claims" in a first-filed "suit arising out of the same circumstances as gave rise to the suit in this Court"); *cf. General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 683 (Del. 1964) ("When similar actions between the same parties involving the same issues are filed in separate jurisdictions the court in which either of said action is filed may in the exercise of its discretion hold that action in abeyance to abide the outcome of the action pending

with a status update on the current state of the proceedings in the Securities Fraud Lawsuit, as well as provide the Court with an additional status update when the federal district court resolves Vaccaro's Motion to Dismiss. Further, the parties should advise the Court as to whether discovery in this action should be stayed pending the federal district court's decision. Finally, any party may seek accelerated consideration of the Defendants' Motion to Dismiss or Stay as circumstances warrant.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

in the other court. The power is inherent in every court and flows from its control over the disposition of causes on its docket. The decision is one to be made in the light of all the circumstances in order to determine the best and most economical means of determining the controversy.").