IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE LIMA DELTA COMPANY, TRIDENT AVIATION SERVICES, LLC, and SOCIÉTÉ COMMERCIALE ET INDUSTRIELLE KATANGAISE, | § § § § § § | No. 114, 2016 |
| | § § | Court Below—Superior Court of the State of Delaware, |
| Plaintiffs Below, Appellants, | § § | |
| | § | C.A. No. N14C-02-101 |
| v. | § § | |
| GLOBAL AEROSPACE, INC., as underwriter on behalf of certain domestic insurance companies, NATIONAL INDEMNITY COMPANY, AMERICAN ALTERNATIVE INSURANCE CORPORATION, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, LTD. (USB), MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, AMERICAN COMMERCE INSURANCE COMPANY, WELLS FARGO INSURANCE SERVICES, USA, INC., | § § § § § § § § § § § § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: March 28, 2016
Decided: April 5, 2016

Before **HOLLAND, VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 5th day of April 2016, having considered the notice of appeal from an interlocutory order and the supplemental notice of appeal from an interlocutory order, it appears to the Court that:

(1)  The plaintiffs below-appellants, The Lima Delta Company, Trident Aviation Services, LLC and Société Commerciale et Industrielle Katangaise (collectively, "Lima Delta"), filed a notice of appeal from the Superior Court's February 19, 2016 opinion ("Opinion") granting the motion to dismiss of the defendants-below appellees Global Aerospace, Inc. ("Global"), National Indemnity Company, American Alternative Insurance Corporation, Tokio Marine & Nichido Fire Insurance Company, Ltd. (USB), Mitsui Sumitomo Insurance Company of America, and American Commerce Insurance Company (collectively with Global, "the Insurers") and the motion to stay of defendant-below appellee Wells Fargo Insurance Services, USA, Inc. ("Wells Fargo").[1]  In the Opinion, the Superior Court concluded that Lima Delta's claims against the Insurers should be dismissed in favor of litigation Global filed against The Lima Delta Company and Trident Aviation Services, LLC in Georgia twenty-one months before Lima Delta instituted the Delaware litigation.[2]  The Superior Court concluded that a stay of Lima Delta's claims against Wells Fargo was appropriate because even though

---

[1] *Lima Delta Co. v. Global Aerospace, Inc.*, 2016 WL 691965 (Del. Super. Ct. Feb. 19, 2016).
[2] *Id.* at *3-6.

2

Wells Fargo was not a party to the Georgia litigation, resolution of the insurance coverage dispute in Georgia would likely impact Lima Delta's claims against Wells Fargo in Delaware.[3]

(2)     Although the Opinion was interlocutory and Lima Delta filed a motion for certification of final judgment, or in the alternative, interlocutory review of the Opinion as to the Insurers and interlocutory review of the Opinion as to Wells Fargo in the Superior Court on February 29, 2016, the notice of appeal filed in this Court did not comply with Official Form M as required by Supreme Court Rule 42(d)(ii)[4] and did not include the application for certification of an interlocutory appeal as required by Supreme Court Rule 42(d)(iv)(A).[5]     The Insurers filed their opposition to Lima Delta's motion on March 9, 2016.  Wells Fargo filed its opposition to Lima Delta's motion on March 10, 2016.

(3)     On March 17, 2016, Lima Delta filed an amended application for certification of an interlocutory appeal with the certification of counsel required by Rule 42(b)(iii).  A few hours later, the Superior Court denied Lima Delta's application for certification of an interlocutory appeal.  As to the granting of the Insurers' motion to dismiss, the Superior Court concluded that none of the Rule

---

[3] *Id.* at *7-8.
[4] Supr. Ct. R. 42(d)(ii) (providing that notice of appeal shall comply with Rule 42 and Official Form M which is titled "Notice of Appeal from Interlocutory Order" and includes the date the application for certification was filed in the Superior Court).
[5] Supr. Ct. R. 42(d)(iv)(A) (requiring notice of interlocutory appeal to include application for certification).

3

42(b)(iii) criteria weighed in favor of certification, certification would not promote the most efficient and just schedule to resolve the case, and the benefits of interlocutory review would not outweigh the probable costs in light of the advanced stage of the Georgia litigation.

(4) As to the granting of the motion to stay, the Superior Court concluded that the case did not implicate the same interests that led to interlocutory review in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*[6] and *Gen'l Foods Corp. v. Cryo-Maid, Inc.*[7] as Lima Delta claimed because, unlike those cases, there was no litigation against Wells Fargo pending in another forum and the merits of Lima Delta's case against Wells Fargo would ultimately proceed in Delaware. The Superior Court further found that none of the Rule 42(b)(iii) criteria weighed in favor of certification, certification would not promote the most efficient and just schedule to resolve the case, and the benefits of interlocutory review would not outweigh the probable costs.

(5) In a separate order, also dated March 17, 2016, the Superior Court denied Lima Delta's motion for certification of final judgment. In a letter dated March 22, 2016, the Superior Court acknowledged Lima Delta's amended application for certification of an interlocutory appeal, which contained the

---

[6] 263 A.2d 281, 283-84 (Del. 1970) (reversing Superior Court's denial of stay where there was case involving same parties and same issues in Alabama).

[7] 198 A.2d 681, 684-85 (Del. 1964) (affirming Superior Court's denial of stay where there was case involving same parties and issues in Illinois), *overruled in part by Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, (Del. 1969).

4

certification of counsel required by Rule 42(b)(iii). The Superior Court concluded that the amended application was moot because it had denied the original application on the merits. On March 28, 2016, Lima Delta filed a supplemental notice of interlocutory appeal in this Court. The notice did not attach the responses or the Superior Court's denial of the application for certification as required by Rule 42(d)(iv)(C) and (D).

(6) Applications for interlocutory review are addressed to the sound discretion of the Court. Even assuming the notice of interlocutory appeal and supplemental notice of interlocutory appeal had been filed in accordance with Rule 42(d), the Court agrees with the Superior Court's March 17, 2016 order denying the application for certification. The Rule 42(b) principles and criteria do not weigh in favor of interlocutory review of the Opinion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

5