McWANE CAST IRON PIPE CORPORA-
TION, a corporation, Defendant
Below, Appellant,

v.

McDOWELL–WELLMAN ENGINEERING
COMPANY, a corporation, Plain-
tiff Below, Appellee.

Supreme Court of Delaware.

Feb. 13, 1970.

E. Norman Veasey, Richard J. Abrams and David T. Dana, III, of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

John P. Sinclair of Potter, Anderson & Corroon, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The question we decide on this appeal is whether the Delaware Superior Court action here involved should be stayed in view of the prior action now pending in another State between the same parties and involving the same issues.

## I.

On June 9, 1969, McWane Cast Iron Pipe Corporation (hereinafter "McWane") commenced an action in the United States District Court for the Northern District of Alabama against McDowell-Wellman Engineering Company (hereinafter "McDowell"). The action involved the rights and obligations of the parties arising out of McDowell's work in the construction of a new iron production plant for McWane in Alabama. The plant was to cost in excess of thirteen million dollars under a "cost plus" contract. The contract was made in Alabama and was to be performed in, and governed by the laws of, that State. In the Alabama action, McWane claimed damages against McDowell of five million dollars for alleged unjustifiable delays and excessive costs improperly charged. The excessive costs were asserted to be the result of McDowell's various breaches of contract, including its failure to exercise the skill and competence required of it under the contract. McWane also alleged false and misleading representations and reports regarding construction costs.

On August 25, 1969, McDowell filed its answer and compulsory counterclaim in the Alabama action. It denied the material allegations of McWane's complaint and asserted a claim for $2,791,048.98 for work and materials performed and provided under the contract, or alternatively, for $4,020,000. on a *quantum meruit* basis.

On July 9, 1969, in the interim between the filing of McWane's complaint and Mc

Dowell's answer and counterclaim in the Alabama action, McDowell filed the instant suit against McWane in the Superior Court of Delaware, asserting McWane's indebtedness under the contract in the amount of $2,791,048.98. Thus, in the Delaware action, McDowell claimed the identical sum and the same basis of liability as was set forth in its counterclaim in the Alabama action.

On July 23, 1969, McDowell filed a second action against McWane in Delaware—this time in the Court of Chancery seeking a mandatory injunction against McWane which would require it to permit McDowell employees to enter the plant and observe the start-up and operation process. In this action, McDowell also sought to recover from McWane the same amounts claimed by it in the Alabama and Superior Court actions.

McWane filed identical motions to dismiss or stay in both the Chancery Court and Superior Court actions. The Chancery Court denied injunctive relief and granted a stay of McDowell's action in that Court on principles of comity. The Superior Court denied dismissal or stay of the McDowell action pending in that Court. McWane appeals from that denial.

## II.

The Superior Court's denial of stay or dismissal was based upon the conclusion that McWane had failed to sustain its burden of proving the various elements prerequisite to an invocation of the doctrine of *forum non conveniens* under our cases. See Parvin v. Kaufmann, Del.Supr., 236 A.2d 425 (1967); Kolber v. Holyoke Shares, Inc., Del.Supr., 213 A.2d 444 (1965); General Foods Corporation v. Cryo-Maid, Inc., Del.Supr., 41 Del.Ch. 474, 198 A.2d 681 (1964). We think that the Superior Court abused its discretion in denying a stay on that ground, without due regard for comity and for the orderly and efficient administration of justice in the two Courts.

In view of the prior action pending in Alabama, the question before us is not so much within the realm of our *forum non conveniens* cases as it is within the persuasion of Chadwick v. Gill, Del. Ch., 141 A. 618 (1928); Lanova Corporation v. Atlas Imperial Diesel Engine Co., 5 Del.Super. 593, 64 A.2d 419 (1949); Connecticut Mut. Life Ins. Co. v. Merritt-Chapman & Scott Corp., 19 Del.Ch. 103, 163 A. 646 (1932); and Research Corporation v. Radio Corporation of America (D.C.Del.), 181 F.Supp. 709 (1960). The latter line of cases stands for the propositions that a Delaware action will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and the same issues; that such stay may be warranted, however, by facts and circumstances sufficient to move the discretion of the Court; that such discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues; that, as a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing; that these concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice.[1] See generally 21 C.J.S. Courts § 548; compare 20 Am.Jur.(2d) "Courts" § 128; Annotation, 19 A.L.R.(2d) 301; compare Annotation, 56 A.L.R.(2d) 335.

We endorse the above propositions. By their application, there is avoided the wasteful duplication of time, effort, and expense that occurs when judges, lawyers, parties, and witnesses are simultaneously engaged in the adjudication of the same cause of action in two courts. Also to be avoided is the possibility of inconsistent and conflicting rulings and judgments and an unseemly race by each party to trial and judgment in the forum of its choice. Public regard for busy courts is not increased by the unbusinesslike and inefficient administration of justice such situation produces.

In the instant case, therefore, the question is whether there are facts and circumstances sufficient to move the Superior Court to grant the stay within the range of the Court's discretion. As we have noted, in a case such as this, discretion should be freely exercised in favor of the stay;[2] and in the determination of facts and circumstances sufficient to warrant such stay, each case must be considered on its own merits.

In the case before us, we hold these circumstances sufficient to impel a stay: the contract was executed in Alabama; the construction project is in Alabama; the law of Alabama governs; there is no contact with Delaware except that McWane is incorporated here; and the parties have available in the Alabama action all the discovery, pretrial, and trial advantages they would have in the Superior Court of Delaware for a speedy, just, and complete disposition of the claims of both parties to the controversy.

This result and its rationale are not in conflict with the *forum non conveniens*

1. In Lanova Corporation v. Atlas Imperial Diesel Engine Co., 5 Del.Super. 593, 64 A.2d 419 (1949), these considerations resulted in a stay of a Superior Court action in favor of another action, pending in the United States District Court for the District of Delaware, which did not involve the same parties but which was expected to render moot the controlling issues in the Superior Court case.

2. This is to be contrasted with the rule that such discretion is to be sparingly exercised in a *forum non conveniens* case where there is no prior action pending elsewhere. See Parvin v. Kaufmann, Del.Supr., 236 A.2d 425 (1967); Kolber v. Holyoke Shares, Inc., Del.Supr., 213 A.2d 444 (1965); General Foods Corporation v. Cryo-Maid, Inc., Del.Supr., 41 Del.Ch. 474, 198 A.2d 681 (1964).

decisions of this Court. In neither *Parvin* nor *Kolber* was there another action pending elsewhere between the parties when, by application of the rules of the doctrine of *forum non conveniens,* the stay was denied. In *Cryo-Maid,* in which the rules of *forum non conveniens* were applied to produce a stay of the Delaware action, the action between the parties pending elsewhere was filed *after* the Delaware action. We reaffirm our holdings in those cases and the application of the established rules of *forum non conveniens* where (1) no other action is pending elsewhere between the same parties involving the same issues, or (2) such other pending action was filed subsequently to the Delaware action.

\* \* \*

Accordingly, the order below is reversed and the cause remanded to the Superior Court with directions to stay further proceedings in that Court pending the development and outcome of the litigation between the parties in the United States District Court for the Northern District of Alabama; the stay to be granted under such conditions, however, as the Superior Court may deem necessary and proper for the continuing control of the cause on its docket.