UNITED PHOSPHORUS, LTD. and United Phosphorus, Inc., Plaintiffs Below, Appellants,

v.

MICRO–FLO, LLC, Micro–Flo Company and BASF Corporation, Defendants Below, Appellees.

No. 626, 2001.

Supreme Court of Delaware.

Submitted: June 4, 2002.

Decided: July 24, 2002.

Michael P. Kelly, (argued), A. Richard Winchester, James J. Freebery, of McCarter & English, LLP, Wilmington, Delaware, for appellants.

Richard D. Kirk, of Morris, James, Hitchens & Williams, LLP, Wilmington, Delaware, Andrew L. Deutsch, (argued), of Piper, Marbury, Rudnick & Wolfe, LLP, New York City, Jeffrey F. Liss, Washington, D.C, for appellees.

BEFORE: HOLLAND, BERGER and STEELE, Justices.

BERGER, J.

In this appeal, we review our *forum non conveniens* law as it applies to plaintiffs that filed the first of a series of related lawsuits in the federal court in Delaware. After the federal action was dismissed, plaintiffs filed in the Delaware Superior Court the same state law claims that had been part of their federal action. By that time, however, defendants had filed a similar action in Georgia. The Superior Court granted defendants' motion to dismiss or stay in favor of what it viewed as the first-filed Georgia action. We hold that, under these facts, plaintiffs' Superior Court action should be deemed the first filed. Following settled *forum non conveniens* principles, a first-filed plaintiff's choice of forum should be respected absent a showing that defendants will suffer undue hardship. Accordingly, we remand to the Superior Court for a determination of the hardship issue.

## Factual and Procedural Background

United Phosphorus Ltd. is an Indian corporation headquartered in Bombay, India, and United Phosphorus Inc. is a Delaware subsidiary headquartered in Exton, Pennsylvania (collectively, "UP"). UP is in the business of manufacturing and selling pesticide products called technical acephate and technical permethrin. Micro–Flo LLC and Micro–Flo Company (collectively, "Micro Flo")[1] are Delaware limited liability companies in the business of formulating and selling pesticides to end-users. The parties' claims and counterclaims relate to UP's sale of technical acephate and technical permethrin to Micro Flo. UP alleges that Micro Flo breached its agreement to purchase all of its pesticide requirements from UP and that it misappropriated UP trade secrets in order to gain regulatory approval for the sale of Micro Flo pesticides. Micro Flo alleges that UP failed to deliver an acceptable quality of technical acephate in a timely manner.

On October 23, 1999, UP filed the first of the three actions arising out of this dispute, *United Phosphorus Ltd. and United Phosphorus Inc v. Micro–Flo LLC and BASF Corporation,* C.A. No. 99–725–SLR, in the United States District Court for the District of Delaware (the "Delaware Federal Action"). The complaint alleged a federal unfair competition claim under the Lanham Act,[2] as well as Delaware statutory and common law claims for breach of contract, fraud, conversion, unjust enrichment, unfair competition, deceptive trade practices and misappropriation of trade secrets. Micro Flo moved to dismiss on the ground that UP failed to state a federal cause of action. The District Court granted the motion on September 29, 2000, and the Third Circuit Court of Appeals affirmed the District Court decision on November 6, 2001.

On January 23, 2000, while the Delaware Federal Action was pending, Micro Flo filed the second of the three actions, *Micro Flo Company v. United Phosphorus Ltd. and United Phosphorus, Inc.,* C.A. No.2000–17, in the Superior Court of Cook County, Georgia. Micro Flo's complaint alleged common law and Georgia statutory claims for breach of contract, breach of express and implied warranties, negligent misrepresentation, detrimental reliance and fraud. UP removed Micro Flo's action to the United States District Court for the Middle District of Georgia, C.A. No. 7:00–CV–21–HL (the "Georgia Action"). UP moved to dismiss for failure to state a claim and lack of personal jurisdiction, but its motion was denied. UP thereafter filed what it terms "protective" counterclaims.

The Delaware action presently on appeal was the third action filed in this dispute. On May 4, 2001, UP filed *United Phosphorus Ltd. and United Phosphorus Inc. v. Micro–Flo LLC, Micro–Flo Company, and BASF Corporation,* C.A. No. 01C–05–030, in the Superior Court (the "Delaware State Action"). UP's complaint repeats all of the factual allegations and all of the state law claims from the Delaware Federal Action. On June 15, 2001, Micro Flo moved to dismiss or stay the Delaware State Action in favor of its Georgia Action. The Superior Court granted the motion in November 2001[3], shortly after the Third

---

1. BASF Corporation, another defendant in this action, is a Delaware corporation that owns all of Micro Flo's outstanding stock and allegedly is responsible for all of Micro Flo's conduct.

2. 15 U.S.C. § 1051 *et seq.*

3. The Superior Court did not state whether it was granting the motion by dismissing or by staying the pending action.

Circuit Court of Appeals affirmed the dismissal of the Delaware Federal Action.

## Discussion

■■■ If a Delaware action is the first filed, our courts will uphold a plaintiff's choice of forum except in the rare case where that choice imposes overwhelming hardship on the defendant.[4] In deciding whether a defendant has met this heavy burden of establishing overwhelming hardship, our courts consider the so-called *Cryo–Maid* factors:

(1) the relative ease of access to proof;

(2) the availability of compulsory process for witnesses;

(3) the possibility of a view of the premises;

(4) whether the controversy is dependent upon the application of Delaware law which Delaware courts more properly should decide than those of another jurisdiction;

(5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and

(1) all other practical problems that would make the trial of the case easy, expeditious and inexpensive.[5]

If there is a prior pending action in another jurisdiction, our courts may exercise their discretion to grant a stay on a significantly lower showing. In *McWane Cast Iron P. Corp. v. McDowell–Wellman E. Co.*[6], this Court identified the relevant considerations:

> [D]iscretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues. . . .

These two *forum non conveniens* standards are consistent in that they both discourage forum shopping and they promote the orderly administration of justice by recognizing the value of confining litigation to one jurisdiction, whenever that is both possible and practical.

■■■ To decide which standard applies in this case, we must determine whether the Delaware State Action should be accorded first-filed status. Technically, it is the third-filed action. The first was the Delaware Federal Action; the second was the Georgia Action; and, after dismissal of the Delaware Federal Action, the third was the Delaware State Action. The trial court reasoned that, since the Delaware Federal Action had been dismissed by the time Micro Flo filed this *forum non conveniens* motion, the Georgia Action was the first filed for purposes of its analysis. The trial court rejected UP's argument that, under our savings statute,[7] the Delaware State Action should be considered one with the Delaware Federal Action and, therefore, should be considered the first-filed action.

We conclude that, to give effect to the policies guiding our *forum non conveniens* holdings, the Delaware State Action must be considered the first filed. UP began the litigation over this dispute and chose the United States District Court of Delaware as its forum. Its federal complaint, which indisputably was the first filed, purported to state a federal Lanham Act claim and numerous Delaware state law claims. Because the Lanham Act claim provided the basis for subject matter jurisdiction, dismissal of that claim left the federal

---

4. *Mar–Land Indus. v. Caribbean Petroleum*, 777 A.2d 774, 778 (Del.2001).

5. *Ibid.*

6. 263 A.2d 281, 283 (Del.1970).

7. 10 *Del.C.* § 8118.

court without jurisdiction over UP's remaining state law claims, which also were dismissed. UP then refiled those state law claims in the Delaware Superior Court. For *forum non conveniens* purposes, the two salient facts are that: 1) UP did not voluntarily abandon its first choice of forum, and 2) when forced to refile in State court, UP repeated the exact same state law claims as it raised in its original federal complaint.

UP chose to litigate in Delaware and its Federal Action was the first filed. The Delaware State Action, whether it is considered to be "one" with the Federal Action or not[8], certainly is a continuation of the viable claims from the Federal Action. Micro Flo, by contrast, was brought into court as a defendant. It responded to UP's lawsuit by filing its own action in Georgia and attempting to move the litigation to the venue it preferred. In short, UP is pursuing its original plan to litigate in Delaware and Micro Flo is forum shopping. Under these circumstances, it would defeat the purposes of our *forum non conveniens* rules if we were to protect Micro Flo's choice of forum instead of UP's.

Based on our decision that UP's Delaware State Action should be considered first filed, it follows that Micro Flo's motion to dismiss or stay must be denied unless Micro Flo satisfies the heavy burden of establishing overwhelming hardship. The parties did not address this issue on appeal and the Superior Court did not decide it. Accordingly, we remand this case to the Superior Court so that it may consider the overwhelming hardship standard in the first instance.

### Conclusion

Based on the foregoing, the decision of the Superior Court granting Micro Flo's motion to dismiss or stay is reversed and this matter is remanded for further action in accordance with this opinion. Jurisdiction is retained and the Superior Court is instructed to report its decision on remand within 90 days.

---

8. We do not reach the question of whether the savings statute mandates that the Delaware State Action relate back to the date of filing the Delaware Federal Action.