# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM KENNEDY, )
)
           Plaintiff, )
)
)
     v. )     C.A. No. N15C-12-077 VLM
)
)
MARIA H. BARBOZA, M.S., D.M.D., )
*et al.*, )
)
           Defendants. )

## MEMORANDUM OPINION AND ORDER

Submitted: September 23, 2016
Decided: October 26, 2016

*Upon Consideration of Defendants' Motion to Dismiss,* **GRANTED.**

E.E. Allinson, III, Esquire. Sullivan, Hazeltine, Allinson, LLC, Wilmington, Delaware. *Attorney for the Plaintiff.*

Christine Kane, Esquire. White and Williams, LLP, Wilmington, Delaware. *Attorney for the Defendants.*

**MEDINILLA, J.**

## INTRODUCTION

Plaintiff William Kennedy alleges Defendant Maria H. Barboza, M.S., D.M.D. and her dental practice, Defendant Centre for Cosmetic Dentistry, improperly received and retained funds meant for use in the treatment of his dental condition between March and October 2012. Defendants move to dismiss Plaintiff's Complaint under the *McWane* doctrine or, alternatively, *forum non conveniens* because Plaintiff is simultaneously litigating claims of professional negligence in Pennsylvania state court related to the same period of treatment with Defendant and her practice. After consideration of the parties' briefings and oral arguments, for the reasons stated below, Defendants Maria H. Barboza, M.S., D.M.D. and Centre for Cosmetic Dentistry's Motion to Dismiss is **GRANTED without prejudice**.

## FACTUAL AND PROCEDURAL HISTORY

### *Factual Background*

In March 2012, Plaintiff William Kennedy sought dental care from Defendant Dr. Maria Barboza at her dental practice, Centre for Cosmetic Dentistry, ("Defendants") located in Chadd's Ford, Pennsylvania.[1] After a routine dental visit, a periodontist at Dr. Barboza's office removed several of Mr. Kennedy's

---

[1] *See* First Amended Third-Party Complaint at ¶ 8, CPU4-14-002643 (Dec. 17, 2014) [hereinafter Compl.].

teeth in the first of a three-staged treatment of his medical condition.[2]  At a follow-up visit, Mr. Kennedy's teeth were shaved down to "spikes" and a temporary bonding agent was applied.[3]

During this period, however, Mr. Kennedy and Defendants were apparently in disagreement about Mr. Kennedy's ability to pay for his dental care.[4]  After consulting with Defendants' office staff, Mr. Kennedy received financing for a portion of the procedures allegedly without receiving any information on the details of his financing arrangement.[5]

Shortly thereafter, and while his teeth remained only partially treated, Mr. Kennedy was told that he would need to cover a deficiency in payment of several thousand dollars.[6]  Mr. Kennedy refused to make any additional payments and left Defendant's practice on October 16, 2012.[7]

### *Procedural Background*

On September 12, 2014, Portfolio Recovery Associates, LLC (Portfolio), an assignee of GE Capital—the holder of the putative loan for Mr. Kennedy's dental

---

[2] *See id.* at ¶ 9.

[3] *See id.* at ¶ 10, 15-18.

[4] *See id.* at ¶ 10-14, 19-20.

[5] *See id.* at ¶ 10-14.

[6] *See id.* at ¶ 19-20

[7] *See id.* at ¶ 20-22.  *See also* Defendant's Opening Brief at 3 [hereinafter Def. Br.].

care—sued Mr. Kennedy in Delaware Court of Common Pleas.[8] Portfolio alleged Mr. Kennedy was in default on his loan in the amount of $10,711.74.[9]

Mr. Kennedy thereafter impleaded Defendants in the default action as third-party defendants on October 29, 2014.[10] Mr. Kennedy alleged claims of unjust enrichment, conversion, battery, breach of contract, replevin, and bailment.[11] After Portfolio and Mr. Kennedy settled the debt claim, Defendants moved to dismiss the third party complaint on the basis of personal jurisdiction, statute of limitations, and *forum non conveniens*.[12]

The Court of Common Pleas denied Defendants' Motion to Dismiss the third party complaint.[13] Despite Plaintiff's March 5, 2014 filing of a writ of summons in Pennsylvania against Defendants, the Court of Common Pleas found the lack of "progress" in Pennsylvania following the writ did not preclude the Delaware action from proceeding forward.[14] The Court reasoned that the writ only

---

[8] *See* Def. Br. at 1. Mr. Kennedy is a Delaware resident. *See* Compl. at ¶ 1.

[9] *See* Def. Br. at Exhibit A.

[10] *See* Third-Party Complaint, CPU4-14-002643 (Oct. 29, 2014).

[11] *See id.*

[12] *See* Def. Br. at 1.

[13] Order at 2, CPU4-14-002643 (Nov. 20, 2015) [hereinafter Order]. *See also* Defendants' Reply Brief at Exhibit A [hereinafter Def. Rep. Br.].

[14] *See* Order at 2. ("Although there is another litigation involving the same parties and similar issues pending in Pennsylvania, there has been no progress in the Pennsylvania proceeding other

4

extended the time "in which [Plaintiff] *may* file a Complaint."[15]  Following the Court's ruling on the Motion to Dismiss, Defendants removed the case to Superior Court in December 2015.[16]

However, on March 2, 2016, Mr. Kennedy filed a Complaint in the Pennsylvania Court of Common Pleas for Delaware County alleging professional negligence, assault, battery, and fraud in relation to Dr. Barboza's dental treatment from March to October 2012.[17]

Defendants filed their Motion to Dismiss on June 15, 2016, under the doctrine established in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*[18] ("*McWane*").  Alternatively, Defendants' Motion seeks to dismiss the Complaint on the basis of *forum non conveniens*.  Defendants submitted their brief in support of the Motion on July 8, 2016.  Plaintiff responded on August 16, 2016.  Defendants replied on September 8, 2016.  Oral argument

---

than the filing of a writ granting Plaintiff an extension of time in which he *may* file a Complaint.").

[15] *Id.*  The writ and accompanying praecipe are attached as Exhibit D in Def. Br.

[16] *See* Def. Br. at 1.

[17] Mr. Kennedy filed two amended complaints in Pennsylvania state court.  His Second Amended Complaint was filed on August 17, 2016.  He has since dropped his claims of battery and assault originally pled in the Pennsylvania Complaint.  Defendants' preliminary objections to the Second Amended Complaint were pending as of September 23, 2016.

[18] 263 A.2d 281 (Del. 1970).

was heard on September 23, 2016. Having considered the respective pleadings, submissions and oral arguments, the matter is ripe for review.

## CONTENTION OF THE PARTIES

Defendants move for dismissal on two grounds. First, Defendants argue that, under the *McWane* doctrine, Plaintiff's Delaware action should be dismissed so that Plaintiff may prosecute the totality of his claims in Pennsylvania state court.[19] Second, assuming this Court was to find the *McWane* doctrine inapplicable, Defendants argue that application of the *Cryo-Maid*[20] factors suggests that dismissal of the Delaware action is warranted on the basis of *forum non conveniens*.[21]

## STANDARD OF REVIEW

The *McWane* doctrine is an analogue of the common law *forum non conveniens* doctrine.[22] As with a motion to dismiss under *forum non conveniens*, a motion raising the *McWane* doctrine is "addressed to the trial court's sound discretion."[23] "These two *forum non conveniens* doctrines—overwhelming

---

[19] Defendants' Motion to Dismiss at ¶ 7 [hereinafter Def. Motion].

[20] *General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681 (Del. 1964).

[21] Def. Motion at ¶¶ 4-6.

[22] *See Lisa, S.A. v. Mayorga*, 993 A.2d 1042, 1047 (Del. 2010).

[23] *Martinez v. E.I. DuPont de Nemours & Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014) (citing *Warburg, Pincus Ventures, L.P. v. Schrapper*, 774 A.2d 264, 269 (Del. 2001)).

hardship and *McWane*—operate consistently and in tandem to discourage forum shopping and promote the orderly administration of justice 'by recognizing the value of confining litigation to one jurisdiction, whenever that is both possible and practical.'"[24] Though both doctrines petition to the court's discretionary power, *McWane* is fundamentally concerned with ideas of comity, while *forum non conveniens* addresses whether the Defendant "will be subjected to overwhelming hardship and inconvenience if required to litigate in Delaware."[25] Since the Court finds that the *McWane* doctrine applies to the Delaware action, the Court does not address the merits of the conventional *forum non conveniens* argument.

*McWane* applies where the plaintiff prosecutes two simultaneous claims of the same nature against the same parties.[26] Under Delaware law, plaintiff's first-filed forum is entitled to substantial deference.[27] However, where *McWane* applies, plaintiff's bifurcated approach to litigating one matter in two courts is not

---

[24] *Lisa, S.A.*, 993 A.2d at 1047 (quoting *United Phosphorus, Ltd. v. Micro-Flo*, 808 A.2d 761, 764 (Del. 2002)).

[25] *Id.*

[26] *See id.* *See also Mine Safety Appliances Co. v. AIU Ins. Co.*, 2011 WL 300252, at *4 (Del. Super. Jan. 24, 2011).

[27] *See Lisa, S.A.*, 993 A.2d at 1047 ("Where the Delaware action is the first-filed, the plaintiff's choice of forum will be respected and rarely disturbed, even if there is a more convenient forum to litigate the claim."). *Cf. In re Asbestos Litig.*, 929 A.2d 373, 381 (Del. Super. 2006) (discussing "presumption" of deference to first-filed forum when *forum non conveniens* is invoked as grounds for dismissal of plaintiff's action).

entitled to deference.[28] Instead, the Delaware Courts will stay or dismiss the later-filed Delaware action where the plaintiff has initially filed a similar action outside Delaware.[29] This approach recognizes that "litigation should be confined to the forum in which [the first action] is [] commenced."[30] As such, *McWane* rests on ideas of "comity and the necessities of an orderly and efficient administration of justice."[31]

The *McWane* doctrine is a three-part analysis.[32] First, this Court must look to whether there is a pending action in another jurisdiction at the time the Delaware action was filed.[33] Second, the Court will compare the pending action with the Delaware one to determine whether the pending action involves the same parties and identical or functionally similar claims.[34] Finally, the Court will determine whether the court in the first-filed action is "capable of delivering prompt and

---

[28] *See United Phosphorus, Ltd.*, 808 A.2d at 764 ("If there is a prior pending action in another jurisdiction, our courts may exercise their discretion to grant a stay on a significantly lower showing.").

[29] *See id.*

[30] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[31] *Id.*

[32] *See id.* at 283. *See also Mine Safety Appliances Co. v. AIU Ins. Co.*, 2011 WL 300252, at *4 (Del. Super. Jan. 24, 2011).

[33] *See Mine Safety Appliances Co.*, 2011 WL 300252, at *4 (citing *McWane*, 263 A.2d at 283).

[34] *See Chadwick v. Metro Corp.*, 2004 WL 1874652, at *2 (Del. Supr. Aug. 14, 2004).

complete justice."[35]   If the three inquiries are answered in the affirmative, this Court has the discretion to either stay or dismiss the Delaware action.[36]

## DISCUSSION

### I.   *McWane* Inquiry One: Pending Action in Foreign Jurisdiction

It is undisputed that Plaintiff filed a writ of summons on March 5, 2014. Accordingly, Plaintiff's Pennsylvania action is the first-filed action under Pennsylvania's Rules of Civil Procedure.  Notably, the Court of Common Pleas did not address this first-in-time issue raised here.  Therefore, this Court finds that the earlier Order does not prevent this Court from making such a determination on the present Motion.[37]

Under Pennsylvania's Rules of Civil Procedure, a civil action is commenced on the filing of either "(1) a praecipe for a writ of summons, or (2) a complaint."[38] "No further action of a plaintiff is required under Rule 1007 to commence an action."[39]   The writ tolls the relevant statute of limitations for a period of time

---

[35] *Mine Safety Appliances Co.*, 2011 WL 300252, at *4.

[36] *See Chadwick*, 2004 WL 1874652 at *2.

[37] *See infra*, notes 61-65 and accompanying text (discussing "law of the case" doctrine).

[38] PA. R.C.P. No. 1007.

[39] *Anderson v. Bernhard Realty Sales Co., Inc.*, 329 A.2d 852, 854 (Pa. Super. Ct. 1974).

9

equal to the original statute of limitations.[40] Rule 1007 is "clear and unambiguous; it does not admit to qualification in effort to ascertain its spirit."[41]

Typically, the timing of an action vis-à-vis another action is not in question.[42] However, rather than filing a complaint in Pennsylvania, Mr. Kennedy filed a statutory "writ of summons" under Pennsylvania's Rules of Civil Procedure. At that time, Portfolio had not yet sued Plaintiff in Delaware for claims related to the financing arrangement.[43]

Since a writ is one statutory method to commence an action without filing a complaint, the Delaware impleader action—filed ten months after the Pennsylvania writ—is second-in-time to the Pennsylvania action. Therefore, under *McWane*'s first inquiry, there was a pending action in another jurisdiction at the time the Delaware action was filed.

## II. *McWane* Inquiry Two: Same Issues and Same Parties

"In Delaware, under the *McWane* doctrine, a duplicative action that is substantially or functionally identical to an earlier suit may be dismissed or

---

[40] *Id.* *See also Lamp v. Heyman*, 366 A.2d 882, 885 (Pa. 1976).

[41] *Lamp*, 366 A.2d at 886.

[42] *See, e.g.*, *Mine Safety Appliances Co. v. AIU Ins. Co.*, 2011 WL 300252, at *5 (Del. Super. Jan. 24, 2011) (noting timing of earlier action was undisputed).

[43] *See* Def. Br. at 1-2. The Delaware impleader action did not commence until October 29, 2014.

stayed."[44] Whether a claim is "substantially or functionally identical" is defined in Delaware using the federal joinder rule, *i.e.*, the "common nucleus of operative facts" test.[45] This flexible standard recognizes that the "parties and facts need not be identical, and, in a typical *McWane* analysis, they rarely are."[46]

This Court is guided by the Supreme Court's application of the "common nucleus of operative facts" test in *Chadwick v. Metro Corp.*,[47] where the Court held that an after-filed Delaware defamation action should be dismissed under *McWane*. The Supreme Court in *Chadwick* affirmed the dismissal of the after-filed Delaware action, finding the latter claim involved the same parties and functionally identical claims as a previously filed and pending Pennsylvania defamation action. The Court applied *McWane* notwithstanding the defendant-author who wrote an allegedly defamatory article in the Delaware action was not the same author in the earlier action and the article was published five years later. Applying the "common nucleus of operative facts" test, the Court found that the actions arose from the same facts (plaintiff's acrimonious divorce proceedings) for purposes of

---

[44] *Chadwick v. Metro Corp.*, 2004 WL 1874652, at *2 (Del. Supr. Aug. 14, 2004).

[45] *Id.* (quoting *Dura Pharmas., Inc. v. Scandipharm, Inc.*, 713 A.2d 925, 930 (Del. Ch. 1998)).

[46] *Mine Safety Appliances Co.*, 2011 WL 300252, at *4.

[47] 2004 WL 1874652 (Del. Supr. Aug. 14, 2004).

the *McWane* doctrine and the two actions involved the same magazine even though different authors actually wrote the articles.[48]

This Court is also guided by the Delaware Court of Chancery's analysis in *Dura Pharmaceuticals, Inc. v. Scandipharm, Inc.,*[49] where the court stayed an after-filed Delaware action that involved the same parties, but where the plaintiff argued that the tort-based Delaware claims were only "tangentially" related to the contract-based claims pending in another jurisdiction. Applying the "common nucleus of operative facts" test, the court found both the contract and tort claims arose out of a "common nucleus of operative facts;" that is, involving the singular breach of a merger agreement between the parties.[50] Since the Delaware action was the later-filed action, the "*McWane* comity analysis" applied and the action was stayed for the claims to be "brought in the same court at the same time. . . ."[51]

In this case, Plaintiff argues that the parties are not the same because Plaintiff was originally sued by Portfolio on the underlying debt, for which Defendants were impled as third-party defendants.[52] Notably, the Court of

---

[48] *See id.* at *2

[49] 713 A.2d 925, 930 (Del. Ch. 1998).

[50] *See id.*

[51] *Id.* (quoting *Transamerica Corp. v. Reliance Ins. Co. of Ill.*, 1995 WL 1312656, at *5 (Del. Super. Aug. 30, 1995)).

[52] *See* Plaintiff's Brief at ¶ 19 [hereinafter Pl. Br.].

Common Pleas changed the case to a direct action between Plaintiff and Defendants following Portfolio's settlement of the debt with Plaintiff. As such, both the Pennsylvania and Delaware actions are claims by Mr. Kennedy against Dr. Barboza and her dental practice.

Both actions also allege functionally identical claims arising out of a common nucleus of operative facts. The two actions arise solely out of Mr. Kennedy's treatment at Defendant's practice for the condition of his teeth.[53] Plaintiff, however, argues that the claims in Pennsylvania are sounded in professional negligence and the Delaware action is one of "civil theft and out-of-pocket pecuniary loss."[54] Yet, this sort of parsing of claims was rejected in *Chadwick* and *Dura Pharmaceuticals*, among other cases applying *McWane*,[55] because the events underlying all the claims arose out of a common nucleus of operative facts. Moreover, duplicative and functionally identical claims involving

---

[53] *But see id.* at ¶ 19 ("In fact, [the two actions] do not arise from a 'common nucleus of operative facts,' as Defendants contend. Mr. Kennedy was drawn into this litigation on a debt claim and remains involved to pursue recovery of the proceeds of the bank loan that belong to him.").

[54] *Id.* at ¶ 18-19. Plaintiff states that the Pennsylvania case "sounds in professional negligence, vicarious liability, ostensible agency, corporate liability, assault, battery and fraud . . . [while] the Delaware [a]ction sounds in unjust enrichment, conversion, breach of contract, replevin, and bailment." *Id.* at ¶ 18.

[55] *See, e.g.*, *Transamerica Corp.*, 1995 WL 1312656, at *3 (holding breach of contract and bad faith claims arising out of insurance contract were "sufficiently similar" where related action was pending in California and resolution of Delaware claims depended heavily on California court's adjudication of underlying insurance claims).

the same event carries the potential risk of "inconsistent or conflicting rulings, which is precisely what the *McWane* doctrine seeks to prevent."[56]

However these claims may have originally been "captioned," today this case involves a claim of professional malpractice and fraud against a healthcare provider and her practice. The parties are the same. The claims are functionally identical. Therefore, this Court answers the second inquiry of *McWane* in the affirmative.

## III. *McWane* Inquiry Three: Alternate Capable Court

The third inquiry under *McWane* asks whether the out-of-state forum for the first-filed action is capable of delivering "prompt and complete justice."[57] Clearly, the Pennsylvania Court of Common Pleas for Delaware County is "capable of delivering prompt and complete justice" in Plaintiff's multiple claims because it is both a court of general jurisdiction and sits in the county where the alleged conduct took place.

Plaintiff argues that the Pennsylvania court "may or may not" be capable of meeting this final inquiry under *McWane* because Defendants have failed to offer "evidentiary support for their conclusory assertion" to the contrary.[58] Plaintiff

---

[56] Def. Br. at 7 (citing *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970)).

[57] *McWane*, 263 A.2d at 283.

[58] Pl. Br. at ¶ 17.

14

contends, in essence, that Defendants must engage in a survey of Pennsylvania and Delaware law under *McWane* to determine if all the counts in the Delaware action are viable under Pennsylvania law.[59] Plaintiff's assertion is incorrect. This type of showing is simply not applicable to the *McWane* doctrine.[60] This Court, therefore, finds that the Pennsylvania Court of Common Pleas is capable of handling the present claims, including the contract-based claims alleged in the Delaware action.

### The "Law of the Case" Doctrine

Plaintiff further argues that the "law of the case" doctrine bars relitigation of the issues presented in Defendants' Motion to Dismiss filed in the Court of Common Pleas. Plaintiff's argument is one of estoppel: since the Court of Common Pleas considered this issue earlier in the case, Plaintiff argues that this Court may not revisit that earlier decision. In response, Defendants argue that the factual basis for the Order denying the motion has changed substantially.

---

[59] *See id.* ("Does Pennsylvania law track Delaware law count-for-count with the same elements, evidentiary burdens, and statutes of limitation? Defendants do not say.").

[60] Defendants were "puzzled" by Plaintiff's assertion that they would need to prove that Pennsylvania was an adequate forum for the Delaware claims. Def. Rep. Br. at 4. Additionally, the claims in the Delaware action (unjust enrichment, conversion, breach of contract, replevin, and bailment) are fully available under Pennsylvania law. *See, e.g.*, *Telwell Inc. v. Grandbridge Real Estate Capital, LLC*, 2016 WL 4035675, at *6 (Pa. Super. Ct. July 21, 2016) (discussing common law elements of unjust enrichment under Pennsylvania law); *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572 (Pa. Super. Ct. 2003) (breach of contract and conversion under Pennsylvania law); *Beachwoods Flying Serv. Inc. v. Al Hamilton Contracting Corp.*, 464 A.2d 440, 442-43 (Pa. Super. Ct. 1983) (replevin and bailment under Pennsylvania law).

15

Specifically, in the intervening period, Plaintiff has filed a Complaint in Pennsylvania and is actively litigating the case there.

"Under the 'law of the case doctrine,' a court's legal ruling at an earlier stage of proceedings controls later stages of those proceedings, *provided the facts underlying the ruling do not change*."[61]  This doctrine is flexible "in that, unlike *res judicata*, it is not an *absolute* bar to reconsideration of a prior decision that is clearly wrong, produces an injustice or should be revisited because of changed circumstances."[62]  As such, the "law of the case doctrine" is akin to the *stare decisis* doctrine.[63]

The Court of Common Pleas' November 20, 2015 Order states: "Although there is another litigation involving the same parties and similar issues pending in Pennsylvania, there has been *no progress* in the Pennsylvania proceeding other than the filing of a writ granting Plaintiff an extension of time in which he *may* file a Complaint."[64]  Subsequent to this Order, Plaintiff chose to file his civil action in Pennsylvania.  Certainly, the facts of the underlying ruling have changed since

---

[61] *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 894-95 (Del. 2015) (emphasis added).

[62] *Gannet Co., Inc. v. Kanaga*, 750 A.2d 1174, 1181 (Del. 2000).

[63] *See id.* at 1181-82 (quoting *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 866 (1992)).

[64] Order at 2 (emphasis added).

16

progress has been made by Plaintiff's own actions. His decision to litigate his claims in Pennsylvania cannot be overlooked. Accordingly, and by the express language of the "law of the case" doctrine, the doctrine does not bar relitigation of *McWane* because the facts of the underlying ruling have changed.[65]

## CONCLUSION

The *McWane* doctrine permits the trial judge to either stay or dismiss the claim if all three inquiries are answered in the affirmative. Here, *McWane* applies in full. Moreover, since the Pennsylvania case is now progressing through the Court of Common Pleas in Delaware County, the reason for remaining in Delaware—the jurisdiction second-in-time to Pennsylvania—appears at odds with the policy interests *McWane* seeks to protect.[66] This Court finds that Plaintiff's

---

[65] *See Northpointe*, 112 A.2d at 895. Plaintiff argued at oral argument—for the first time—that Defendants must satisfy the procedural requirements under DEL. SUPER. CT. CIV. R. 60 in order to relitigate the *McWane* doctrine on the present Motion. Assuming this argument has not been waived for failure to raise it within the text of Plaintiff's brief, *Cf. Turnbull for Turnbull v. Fink*, 644 A.2d 1322, 1324 (Del. 1994) (holding failure of party to raise issue in text of brief generally constitutes waiver of issue on appeal), the argument is inapposite because the Court finds that the earlier order is not barred from reconsideration due to the "law of the case" doctrine.

[66] *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970). The *McWane* Court explained that deference to the first-filed forum:

> avoid[s] the wasteful duplication of time, effort, and expense that occurs when judges, lawyers, parties, and witnesses are simultaneously engaged in the adjudication of the same cause of action in two courts. Also to be avoided is the possibility of inconsistent and conflicting rulings and judgments and an unseemly race by each party to trial and judgment in the forum of its choice. Public regard for busy courts is not increased by the unbusinesslike and inefficient administration of justice such situation produces.

case should be dismissed under the *McWane* doctrine so as to avoid duplicative and inefficient administration of claims arising out of a common nucleus of operative facts. Accordingly, Defendants' Motion to Dismiss is **GRANTED without prejudice**.

       **IT IS SO ORDERED.**

/s/   Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   All Counsel of Record (via e-filing)

---

*Id.*

18