**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: N18C-01-082 EMD CCLD |
| WILMINGTON TRUST, N.A., as Securities Intermediary, | ) ) ) ) | |
| Defendant. | ) | |

Submitted: May 18, 2018
Decided: July 31, 2018

*Upon Defendant Wilmington Trust, N.A.'s Motion to Dismiss or Stay the Action,*
***GRANTED in part and DENIED in part.***

Joseph C. Schoell, Esquire, Drinker Biddle & Reath LLP, Wilmington, Delaware; Jason P. Gosselin, Esquire, Drinker Biddle & Reath LLP, Philadelphia, Pennsylvania, *Attorneys for Plaintiff Lincoln Benefit Life Company*

Steven L. Caponi, Esquire, K & L Gates LLP, Wilmington, Delaware; Jesus E. Cuza, Esquire, Monica V. Castro, Esquire, Holland & Knight LLP, Miami, Florida, Monica V. Castro, Esquire, *Attorneys for Defendant Wilmington Trust, N.A.*

**DAVIS, J.**

### I. INTRODUCTION

This is a declaratory judgment action assigned to the Complex Commercial Litigation Division of the Court. The action arises out of a life insurance policy ("the Policy") issued by Plaintiff Lincoln Benefit Life Company ("Lincoln Benefit") to Ruben Matz in 2007. Through a series of transactions that followed the initial purchase, Defendant Wilmington Trust, N.A. as Securities Intermediary ("Wilmington Trust"), became the owner and beneficiary of the Policy. When Mr. Matz passed away in 2017, Wilmington Trust submitted proof of his death to Lincoln

Benefit. Wilmington Trust then filed a declaratory judgment action in a federal district court in Florida (the "Florida Action"), seeking a determination that Lincoln Benefit must pay the death benefits to Wilmington Trust under the Policy. Three months later, Lincoln Benefit filed an action in the Superior Court of Delaware (the "Delaware Action") seeking declaratory judgment that the Policy was void at the time of signing.

Now before the Court is Wilmington Trust's Motion to Dismiss or Stay the Delaware Action (the "Motion") for *forum non conveniens.* Lincoln Benefit opposes the Motion. Applying the *McWane* analysis, this Court finds, in its discretion, that the factors support a stay of the Delaware Action in favor of the Florida Action. Therefore, Wilmington Trust's Motion to Dismiss or Stay is **GRANTED IN PART AND DENIED IN PART**.

## II. BACKGROUND

Lincoln Benefit, is a life insurance company incorporated in Nebraska, with its principal place of business in Nebraska. Wilmington Trust is a national banking association incorporated under the laws of the United States, with its principal place of business in Delaware. In March 2007, Lincoln Benefit received an application for a $10 million insurance policy on the life of Mr. Matz. Mr. Matz was resident of Florida.[1] According to the application, the Ruben Matz Insurance Trust (the "Matz Trust"), located in Delaware, was the proposed owner and intended beneficiary of the Policy.[2] Three people signed the application: Mr. Matz (the insured); Alan Halpern (trustee of the Matz Trust); and Ernest Madera (the producer).[3] The application contained a representation that it was signed in Wilmington, Delaware, but Ernest Madera

---

[1] Compl. ¶ 23.
[2] Compl. ¶ 23. The sole beneficiary of the trust was Gladys Matz. Ms. Matz is Mr. Matz's wife.
[3] Compl. ¶ 25.

testified by affidavit that he and Ruben Matz signed the application in Florida, where they both reside.[4]

As part of the Policy application, the signatories also signed a Premium Funding Intent Form, attesting that:

> There was no intent to transfer ownership of the policy to a third party, such as a settlement company or an investor group.
> There was no intent that the policy would be owned by an entity for investment purposes.
> There would be no funds other than the insured's own funds used to pay the premium of the policy.
> The purpose of the policy was financial planning and estate planning.[5]

On April 13, 2007, Lincoln Benefit issued the Policy.[6] The application was attached to the Policy and became part of the insurance contract. The Policy contained a provision titled, "Conformity with State Law."[7] This provision states that the Policy "is subject to the laws of the state where the *application was signed*."[8] The Policy subsequently changed ownership multiple times. In December 2012, Wilmington Trust, as securities intermediary, became the owner and beneficiary of the Policy.[9]

Mr. Matz died on September 22, 2017.[10] Wilmington Trust submitted the death certificate to Lincoln Benefit on October 5, 2017, requesting that Lincoln Benefit pay the Policy proceeds.[11] The next day, October 6, Wilmington Trust filed a declaratory judgment action in

---

[4] Wilmington Trust asserts that the Policy was signed by Mr. Matz and Mr. Madera in Florida, and provides the Affidavit of Ernest Madera in support. Mot., Ex. B (Madera Affidavit). Lincoln Benefit asserts that all three signatories signed the Policy in Delaware, pointing to the signature page of the application which provides that it was signed in Wilmington, Delaware. *Id.*

[5] Compl., Ex. B.

[6] Compl. ¶ 23.

[7] Policy at 20.

[8] *Id.* (emphasis added).

[9] Compl. ¶ 32.

[10] Compl. ¶ 33.

[11] Compl. ¶ 33.

the United States District Court for the Southern District of Florida (the "Florida Court"),[12] seeking a declaration that Wilmington Trust is entitled to the proceeds of the Policy.[13]

Then, on January 9, 2018, Lincoln Benefit filed its own complaint against Wilmington Trust in this Court, seeking: (1) a declaration that the Policy is void *ab initio* because it was part of a stranger originated life insurance ("STOLI") scheme, and STOLI policies are contrary to Delaware law; and (2) a determination that "it would be unjust to permit [the ultimate beneficiary] to recoup any premiums paid on the policy."[14]  On March 8, 2018, Wilmington Trust filed the Motion to Dismiss or Stay the Delaware Action that is now before this Court. Lincoln Benefit opposes the Motion.

Lincoln Benefit moved to dismiss the Florida Action  for lack of personal jurisdiction (the "Florida Motion").[15]  The Florida Court heard the Florida Motion on June 15, 2018, ruling from the bench and denying the Florida Motion.  Wilmington Trust filed a motion for summary judgment and that motion remains pending before the Florida Court.

### III. PARTIES' CONTENTIONS

#### A.    WILMINGTON TRUST'S MOTION

Wilmington Trust argues that the Court should dismiss or stay the Delaware Action for *forum non conveniens*, applying the well-settled factors set forth in *McWane*.[16]  Wilmington Trust claims that the *McWane* factors weigh in favor of dismissal or a stay because: (1) the Florida Action was filed first in time; (2) this case involves the same parties and issues as the Florida Action; and (3) the Federal District Court in Florida is capable of prompt and complete

---

[12] Compl. ¶ 34.
[13] Mot., Ex. A. (Florida Complaint).
[14] Compl. ¶ 46.
[15] Compl. ¶ 34.
[16] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engr. Co.*, 263 A.2d 281 (Del. 1970).

4

justice. Wilmington Trust also contends that even if the Court were to analyze the Motion under *Cryo-Maid*,[17] the factors weigh overwhelmingly in favor of the Florida Action.[18]

## B. LINCOLN BENEFIT'S OPPOSITION

Lincoln Benefit opposes the Motion, arguing that the Court should summarily strike or deny Wilmington Trust's Motion as untimely because it was filed twenty-one days past the deadline. Alternatively, Lincoln Benefit claims that the Court should deny Wilmington Trust's Motion because neither a *McWane* or *Cryo-Maid* analysis warrants dismissal or a stay of the Delaware action.

## IV. DISCUSSION

## A. THE MOTION WILL NOT BE SUMMARILY DENIED.

Lincoln Benefit argues that the Court should strike or summarily deny Wilmington Trust's Motion because it was untimely. Delaware Superior Court Civil Rule 107(f) provides that the Court may, in its discretion, summarily deny a motion for untimeliness.[19] However, Delaware courts recognize that public policy favors determining legal issues on their merits.[20]

Here, Wilmington Trust filed the Motion twenty-one days after the deadline to respond to the Complaint. Although this may have delayed the proceeding by a matter of days, Lincoln Benefit was not prejudiced. Indeed, Lincoln Benefit does not even argue that it suffered prejudice. Lincoln Benefit concedes that Wilmington Trust's late response to the Complaint was due to confusion over which law firm was supposed to represent Wilmington Trust in this matter. While this is not good cause for the delay, in context, it shows that Wilmington Trust was not grossly inadvertent or engaging in delay tactics. Because Lincoln Benefit was not prejudiced by

---

[17] *Gen. Foods Corp. v. Cryo–Maid, Inc.,* 198 A.2d 681 (Del. 1964).
[18] Mot. at 4.
[19] *See* Super. Ct. Civ. R. 107(f).
[20] *Cty. Insulation Co. v. Penn. Mfrs. Ass'n Ins. Co.*, 1986 WL 9017, at *1 (Del. Super. Aug. 14, 1986).

the twenty-one-day delay, the Court, in its discretion, declines to summarily deny the Motion. The Court will, instead, resolve the Motion on its merits.

**B.    *FORUM NON CONVENIENS* LEGAL FRAMEWORK.**

The granting of a stay rests within the sound discretion of the trial court.[21]  When determining whether a suit should be stayed or dismissed for *forum non conveniens*, Delaware courts apply different standards depending on the circumstances.[22]  Where two cases are filed contemporaneously, or the Delaware case is filed first, or there is no other pending action, the Court examines the motion under the traditional *forum non conveniens* framework, applying the factors set forth in *Cryo-Maid* under an "overwhelming hardship" standard.[23]  But, "[i]f the foreign action is the first-filed action, principles of fairness, comity, judicial economy and the possibility of inconsistent results generally favor the granting of a stay."[24] Where the Delaware action is the second-filed to the foreign action, the Court will conduct an analysis under *McWane*.[25]

**C.    THE FLORIDA ACTION AND THE DELAWARE ACTION WILL NOT BE TREATED AS CONTEMPORANEOUSLY FILED.**

As a preliminary matter, the Court must first determine whether the Florida Action and Delaware Action were contemporaneously filed, and if not, which action was filed first.  "The determination of which action was filed first is a question of fact determined by reference to the underlying procedural facts."[26]  The Court conducts the analysis by applying its "complementary objectives of discouraging both forum shopping and contrived races to the courthouse."[27] When

---

[21] *BP Oil Supply Co. v. Conoco Phillips Co.,* 2010 WL 702382, at *2 (Del. Super. 2010).
[22] *See Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036 (Del. 2017).
[23] *Cryo–Maid, Inc.,* 198 A.2d at 684; *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014) (citing *Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 835 (Del. 1999)).
[24] *Rapoport v. Litig. Tr. of MDIP Inc.*, 2005 WL 3277911, at *2 (Del. Ch. Nov. 23, 2005) (internal quotations omitted).
[25] *McWane*, 263 A.2d at 283.
[26] *Rapoport*, 2005 WL 3277911, at *2.
[27] *Id.*

the first-filed declaratory judgment case is filed in an anticipatory nature, it will not be entitled to the deference typically afforded to first-filed actions.[28] Although the cases do not need to be filed the same day to be considered contemporaneous, they must be filed within a reasonable amount of time based on the circumstances. Delaware courts have found that a two-month difference was reasonable to allow the court to give deference to the earlier filed action,[29] and likewise, twenty-one months between suits was too long to treat the actions as contemporaneously filed.[30]

Lincoln Benefit argues that the Florida Action should not be deemed first-first filed and should not be afforded deference because Wilmington Trust filed the lawsuit anticipatorily for the purposes of forum shopping. Accordingly, Lincoln Benefit argues that the *Cryo-Maid* standard applies to this Motion.

Despite Lincoln Benefit's contentions, the Court finds that the Florida Action was indeed first-filed, and is entitled to deference. Here, the Florida Action was filed first in time, on October 6, 2017, and the Delaware action was filed second in time on January 9, 2018. Because Delaware courts have determined that a two-month difference is reasonable to give the first-filed action deference, then surely the three-month difference here reasonably allows the Florida Action's entitlement to such deference.

Additionally, the Florida Action is entitled to first-filed status because Wilmington Trust is the natural plaintiff in this matter. As the Policy holder and beneficiary, when coverage is

---

[28] *See Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Turner Constr. Co.*, 2014 WL 703808, at *3 (Del. Super. Feb. 17, 2014) (where the court treated a previously filed suit as contemporaneously filed with the later action because the insurance company filed a declaratory judgment action in anticipation of a lawsuit from the insured for the purposes of forum shopping); *Playtex, Inc. v. Columbia Cas. Co.*, 1989 WL 40913, at *5-6 (Del. Super. Apr. 25, 1989) (same).
[29] *Langford v. Barnholt*, 2009 WL 10194581, at *2 (Del. Ch. Mar. 17, 2009).
[30] *Lima Delta Co. v. Glob. Aerospace, Inc.*, 2016 WL 691965, at *5 (Del. Super. Feb. 19, 2016); *see also Rapoport*, 2005 WL 3277911, at *3-4 (treating two actions filed several months apart as contemporaneously filed because the first action was stayed and the second action was filed within a day of the lifting of the stay).

denied, or the life insurance company has failed to pay, Wilmington Trust is the natural plaintiff to sue for payment of the Policy proceeds.[31] The fact that Wilmington Trust filed for declaratory judgment does not change the nature of the underlying claim. The Court is also aware that Wilmington Trust filed the Florida Action only one day after submitting Mr. Matz's death certificate to Lincoln Benefit and before Lincoln Benefit even had the opportunity to acknowledge or deny the claim. The Court notes, however, that Wilmington Trust is the claimant for the payment of the Policy proceeds at issue. Thus, Wilmington Trust is the natural plaintiff.

The Court is aware of the machinations of both Lincoln Benefit and Wilmington Trust concerning the filing of lawsuits in anticipation of litigation. In *Lincoln Benefit Life Insurance Co. v. Wilmington Trust, N.A.*,[32] Lincoln Benefit won the "rush to the courthouse" and filed a declaratory judgment action in Delaware before Wilmington Trust could file its action in Mississippi. Wilmington Trust then filed a lawsuit in Mississippi. Wilmington Trust then filed a motion to dismiss on *forum non conveniens* grounds. The Court denied Wilmington Trust's motion to dismiss and the case is proceeding with Lincoln Benefit as the plaintiff.[33] Wilmington Trust contends it was Lincoln Benefits' actions in filing that action that caused Wilmington Trust to file the Florida Action when it did.

Despite all this, the Court will still find that the Florida Action was the first filed action. The Delaware Supreme Court provides that the "considerations of comity and the necessities of an orderly and efficient administration of justice" drive the concepts promoted by the decision in

---

[31] *See Chemtura Corp. v. Certain Underwriters at Lloyd's*, 2015 WL 5340475, at *4 (Del. Super. Aug. 26, 2015) ("When coverage is denied, or the insurer has failed to pay for losses after a substantial amount of time, the insured is the natural plaintiff.").
[32] C.A. No. N17C-08-301 ALR.
[33] *See Lincoln Benefit Life Insurance Co. v. Wilmington Trust, N.A.*, C.A. No. N17C-08-301 ALR, 2018 WL 1638871 (Del. Super. Apr. 5, 2018).

8

*McWane*.[34]  Those considerations are best promoted here by finding that the Florida Action is first filed despite the litigation tactics of both Wilmington Trust and Lincoln Benefit in filing anticipatory insurance coverage declaratory judgment actions.  Because the Court finds that the Florida Action is first-filed, *McWane*, not *Cryo-Maid*, applies to the Motion.

**D.  *MCWANE* FAVORS A STAY OF THE DELAWARE ACTION.**

Under *McWane*, although a second-filed Delaware action will not be dismissed or stayed as a matter of right, Delaware courts generally defer to a case filed first in time in another forum as long as that action involves substantially the same parties and issues as the litigation pending in Delaware.[35]  The Delaware Supreme Court held:

> [A] Delaware action will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and the same issues; that such stay may be warranted, however, by facts and circumstances sufficient to move the discretion of the Court; that such discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues; that, as a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing; that these concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice.

The Court in *McWane* found that the situation required a stay where: the Alabama action predated the Delaware action; the contract was executed in Alabama; the construction project was in Alabama; the law of Alabama governed the dispute; there was no contact with Delaware except that the McWane company was incorporated in Delaware; and the parties had the same advantages in discovery, pretrial, and trial in Alabama as they had in the Superior Court of

---

[34] *McWane*, 263 A.2d at 283.
[35] *Id.*; *Gramercy*, 173 A.3d at 1036.

9

Delaware for a speedy, just, and complete disposition of the claims of both parties to the controversy."[36]

### i. There Was A Prior Action Pending Before Another Court.

The first *McWane* factor—whether there was a prior action pending in another forum—weighs in favor of a stay of this Delaware Action. As outlined above, the Florida Action was filed first in time, approximately three months before the Delaware Action. Wilmington Trust is the natural plaintiff. As a general matter, the Court defers to the plaintiff's choice of forum.[37] Therefore, the first factor favors a stay in deference to the Florida Action.

### ii. The Competing Actions Involve The Same Parties And Claims.

The second *McWane* factor also weighs in favor of a stay of the Delaware Action. The Florida Action and Delaware Action involve the same parties and same claims. Although Lincoln Benefit added an unjust enrichment claim in the Delaware Action where no such claim existed in the Florida Action, the unjust enrichment claim relates directly to the breach of contract claim.[38] Indeed, the unjust enrichment claim is based on the paid premiums under the Policy, and should have been included in the Florida Action as a counterclaim. Therefore, this factor is neutral, or slightly favors a stay.

### iii. The Foreign Court Is Capable Of Rendering Prompt And Complete Justice.

Finally, the third *McWane* factor favors a stay of the Delaware Action. The Florida Court is capable of rendering prompt and complete justice in the Florida Action. Lincoln Benefit filed

---

[36] *McWane*, 263 A.2d at 283.
[37] *BP Oil Supply Co.,* 2010 WL 702382, at *2.
[38] *See Kurtin v. KRE, LLC*, 2005 WL 1200188, at *4 (Del. Ch. May 16, 2005) (the focus of the same claims is on "substance over form"); *Ritchie v. Huizenga Managers Fund, LLC*, 2017 WL 7803924, at *2 (Del. Super. Dec. 21, 2017) ("To determine whether issues are sufficiently identical for *McWane* purposes, courts ask whether 'the events underlying all the claims arose out of a common nucleus of operative facts.'").

a motion to dismiss in the Florida Action. The Florida Court has denied that motion and has a pending motion for summary judgment to address.

The Florida Court is capable of rendering prompt and complete justice because a large portion of the evidence is located in Florida. The Policy was sold in Florida, by Mr. Madera who resides in Florida, to a Florida insured. The third party who Lincoln Benefit argues perpetuated the STOLI scheme, Imperial Premium Finance and its affiliates, are headquartered in Florida. And although the parties dispute where the Policy application was signed, according to the Madera Affidavit, Mr. Madera and Mr. Matz executed the Policy in Florida.[39] Thus, this factor also favors a stay. Therefore, because *McWane* favors the Florida Action, this Court will stay the Delaware Action until final resolution by the Florida court.

Because the Florida Court is a federal court addressing a state law cause of action under diversity jurisdiction, this Court will not dismiss the Delaware Action at this time. Instead, the Court will stay this action in the event that the Florida Court determines that it cannot render full relief due to a standing or justicability determination.

## V. CONCLUSION

The Florida Court is proceeding toward a timely resolution of the Florida Action. The parties do not need to litigate in Delaware and Florida at the same time. Allowing this Delaware Action to proceed at the same time as the Florida Action will not promote comity or the necessities of an orderly and efficient administration of justice. Accordingly, for the foregoing reasons, Defendant Wilmington Trust's Motion to Dismiss or Stay is **GRANTED IN PART AND DENIED IN PART**. This Delaware Action is hereby stayed until final resolution of the related action pending before the United States District Court for the Southern District of

---

[39] Policy.

11

Florida, or until further order of this Court. The parties are directed to submit a status report to this Court on or before six months from the date of this decision.

**IT IS SO ORDERED.**

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress