# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone:  (302) 739-4397
Facsimile:  (302) 739-6179

Date Submitted:  October 1, 2018
Date Decided:   November 2, 2018

John L. Reed, Esquire
Ethan H. Townsend, Esquire
DLA Piper LLP
1201 N. Market Street, Suite 2100
Wilmington, DE  19801

Thad J. Bracegirdle, Esquire
Scott B. Czerwonka, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4350 Lancaster Pike, Ste. 200
Wilmington, DE  19805

William D. Johnston, Esquire
Tammy L. Mercer, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE  19801

Re:   *Quantlab Group GP, LLC, et al. v. Eames, et al.*
       C.A. 2018-0553-JRS

Dear Counsel:

Defendants have moved for reargument under Court of Chancery Rule 59(f) (the "Motion") following the Court's September 18, 2018, bench ruling (the "Ruling") in which I denied Defendants' Motion to Dismiss or Stay.  For the reasons that follow, the Motion is denied.

This case is the latest chapter in the parties' ongoing dispute regarding the *de jure* management of Quantlab Group, LP ("Quantlab Group), a Delaware limited partnership.[1] I laid out the basic factual background of the dispute at some length in a previous decision, so I will not repeat that background here.[2]

"A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be different."[3] Reargument motions may not be used to relitigate matters already fully litigated or to present arguments or evidence that could have been presented before the court entered the order from which

---

[1] Compl. ¶¶ 32–42.

[2] *Eames v. Quantlab Group, LLC*, 2018 WL 2041548 (Del. Ch. May 1, 2018).

[3] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

reargument is sought.[4]  In other words, a motion for reargument may not rehash old arguments or invent new ones.[5]

When the decision that is the subject of reargument rests on the court's exercise of its discretion, such as a decision to grant or deny a stay of Delaware litigation,[6] "no fact or legal precedent may 'compel' a different result absent a showing of abuse of discretion."[7]  Here, Defendants do not argue that I have abused

---

[4] Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 2d § 2810.1.

[5] *Reserves Dev. LLC v. Severn Sa. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995)). ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion"); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way." (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)); *Miles*, 677 A.2d at 506 ("Where . . . the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").

[6] Pl.'s Mot. for Rearg. (the "Motion") at 4; Defs.' Opp'n to Pl.'s Mot. for Rearg. ("Defs.' Opp'n Br.") at 1, 2.  *See also Adirondack GP, Inc. v. Am. Power Corp.,* 1996 WL 684376, at *6 (Del. Ch. Nov. 13, 1996) ("The granting of a stay is not a matter of right, but rests within the sound discretion of the court.") (citing *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.,* 263 A.2d 281 (Del.1970)).

[7] *Rich v. Chong*, 2013 WL 3353965, at *1 (Del. Ch. July 2, 2013).

my discretion. Instead, after presenting comprehensive data on the educational background of judicial officers in Harris County, the resume of the Judge presiding over the Texas Action (in favor of which Defendants would have me stay this case), the size of the Texas economy and the GDP and census results in Harris County, Defendants argue that I erred in concluding that the Texas court was incapable of providing complete justice under *McWane*. Of course, my finding in that regard had absolutely nothing to do with the competence of the presiding judge in Texas or the fitness of the Harris County court system.[8] Rather, I determined that certain of the issues raised in this action raised important questions regarding the internal affairs and governance of a Delaware entity that: (1) Defendants had previously indicated were not at issue in the Texas action; and (2) in any event, ought to be decided by a Delaware court.

The dispositive *McWane* factor that drove my decision on the motion to dismiss or stay was whether the two actions involved the same parties and the same

---

[8] Indeed, as I made abundantly clear during the hearing on the motion to dismiss or stay, and at a previous hearing, I have "tremendous respect for notions of comity" and every confidence that my colleague in Texas is more than capable of deciding the issues involved here in and Texas. Sept. 18, 2018 Tr. at 76, 78; July 20, 2018 Tr. at 36:7–21. For Defendants to suggest that I held otherwise is, at best, disingenuous.

issues. Defendants acknowledge that Quantlab Group is not a party in the Texas Action,[9] and that it is, at least nominally, a party (in my view a necessary party) in this action.[10] As noted, Quantlab Group is a Delaware entity. Its limited partnership agreement contains a clear Delaware choice of law provision. The claims for declaratory relief Plaintiffs have brought here will require that I interpret this Delaware entity's limited partnership agreement under Delaware law in order to adjudicate a claim arising under Delaware statutes. To put it simply, this dispute belongs in Delaware.[11]

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[9] Mot. at 8.

[10] *Id.*

[11] *See In re Topps Co. S'holders Litig.*, 924 A.2d 951, 958 (Del. Ch. 2007) ("The authority of a state to regulate the internal affairs of the corporations it charters is one of the oldest and most firmly established doctrines in American corporation law."); *CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69, 89, 107 S. Ct. 1637, 95 L. Ed. 2d 67 (1987) ("No principle of corporation law is more firmly established than a state's authority to regulate domestic corporations.").