**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ESTATE OF MARTHA BAROTZ,           )
                                   )
            Plaintiff,             )
                                   )   C.A. No.:  N20C-04-126 EMD CCLD
            v.                     )
                                   )
MARTHA BAROTZ 2006-1               )
INSURANCE TRUST, LIFE              )
ACCUMULATION TRUST III, and        )
HELIX CAPITAL FUNDING, LLC         )
                                   )
            Defendants.            )

Submitted: October 26, 2020
Decided: December 4, 2020

*Upon Consideration of Defendants' Motion to Dismiss, or in the Alternative, for a Stay*
***DENIED***

This is a civil action brought in the Complex Commercial Litigation Division for the recovery of life insurance proceeds.  Plaintiff Estate of Martha Barotz (the "Estate") alleges that Defendants Martha Barotz 2006-1 Insurance Trust (the "Trust"), Life Accumulation Trust III ("LATIII") and Helix Capital Funding, LLC ("HCF") (collectively the "Defendants") procured, without an insurable interest, a life insurance policy (the "Policy") for Martha Barotz.  Upon Ms. Barotz's death, the benefits went to certain third parties.  The Estate seeks recovery of those insurance proceeds under 18 Del. C. § 2704 or, in the alternative, under the theory of unjust enrichment.

On July 22, 2020, the Trust filed its Motion to Dismiss, or in the Alternative, for a Stay (the "Motion to Dismiss").  Through the Motion to Dismiss, Defendants ask the Court to either dismiss or stay this case because there is a pending action (the "New York Action")[1] in the New

---

[1] *Martha Barotz 2006-1 Insurance Trust v. Barotz ex rel. Barotz*, Index No. 53912/2020 (N.Y. Sup. Ct.).

York Supreme Court that asserts the same issues raised here. The parties disagree on whether the New York Action was first-filed, and therefore, whether the Court should stay or dismiss this action in favor of the New York Action.

The Court held a hearing on the Motion to Dismiss on October 26, 2020 (the "Hearing").[2] At the Hearing, the Court addressed a similar motion to dismiss or stay (the "Other Motion to Dismiss") filed in *Estate of Martha Barotz v. U.S. Bank, N.A.*, et al. (the "Second Case").[3] The Defendants in the Second Case filed the Other Motion to Dismiss because a parallel case (the "Other New York Action") was pending in the New York Supreme Court. Prior to the Hearing, however, the New York Supreme Court dismissed the Other New York Action.

The Court denied the Other Motion to Dismiss. The Court held that *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*,[4] did not apply because the New York Supreme Court had dismissed the Second Case. In addition, the Court analyzed the Other Motion to Dismiss under Civil Rule 12(b)(3).[5] The Court used a traditional *forum non conveniens* framework, applying the factors set out in *General-Foods Corp. v. Cryo-Maid, Inc.*:[6] (i) the relative ease of access to proof; (ii) the availability of compulsory process for witnesses; (iii) the possibility of the view of the premises; (iv) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; and (v) whether or not the controversy is dependent upon the application of Delaware law.[7] The Court found that Delaware was a proper forum and denied the Other Motion to Dismiss on this ground as well.[8]

---

[2] D.I. No. 41.
[3] C.A. No. N20C-05-144 PRW CCLD.
[4] 263 A.2d 281, 283 (Del. 1970).
[5] D.I. No. 51.
[6] 198 A.2d 681 (Del. 1964)
[7] *Id.* at 684; *see also Ethica Corp. Finance S.r.L.*, 2018 WL 3954205, at \*5 (Del. Super. Aug. 16, 2018)(applying *Cryo-Maid* under an "overwhelming hardship" standard where two cases are: (i) filed contemporaneously; (ii) the Delaware case is filed first; or (iii) there is no other pending action).
[8] D.I. No. 51.

On December 2, 2020, the New York Supreme Court dismissed the New York Action.[9] The New York Supreme Court held dismissal was appropriate for two reasons: (i) the New York Action was not justiciable under New York law; and (ii) the interests of Delaware predominate and the case should therefore proceed in Delaware and not New York.

The New York Action is no longer pending in the New York Supreme Court. As such, the Court will deny the Motion to Dismiss for the same reasons it denied the Other Motion to Dismiss. The Court set out those reasons fully on the record at the Hearing—*McWane* does not apply and Delaware is a convenient forum for this civil proceeding. The Court notes that no parallel proceeding exists in another forum. In addition, Delaware is not an inconvenient forum for the parties under the facts present in this case. For those reasons, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 4, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[9] D.I. No. 57.

3