COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 21, 2021

Joanna J. Cline, Esquire
Christopher B. Chuff, Esquire
Emily L. Wheatley, Esquire
Troutman Pepper Hamilton Sanders LLP
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899

Theodore A. Kittila, Esquire
James G. McMillan, III, Esquire
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, DE 19807

Re:     *The Harmon 1999 Descendants' Trust v. CGH Investment Management, LLC*, C.A. No. 2021-0407-KSJM

Dear Counsel:

Plaintiff The Harmon 1999 Descendants' Trust ("Plaintiff" or the "Trust") filed this action for advancement against Defendant CGH Investment Management, LLC ("Defendant" or "CGH"), as successor in interest to Traditions, LP ("Traditions"). The Trust seeks advancement of its reasonable costs, expenses, and fees, including attorneys' fees, incurred in connection with counterclaims and crossclaims (the "Underlying Claims") in litigation pending in the United States District Court for the Eastern District of Virginia captioned *The Harmon 1999 Descendants' Trust v. Germaine F. Harmon, et al.*, Case No. 1:20-cv-1442-RDA/TCB (the "Virginia Action"). The Trust also seeks fees-on-fees and pre-judgment interest.

The Trust has moved for summary judgment on the issue of its entitlement to advancement. The Defendant has moved to dismiss or, in the alternative, stay this action

in favor of the Virginia Action. Although it is true that "in all but the most exceptional circumstances, claims . . . for advancement of expenses should not be stayed or dismissed in favor of the prior pending foreign litigation that give rise to them,"[1] this case presents unusual circumstances warranting a stay.

The key issue raised by Plaintiff's motion for summary judgment is whether Plaintiff is a covered person under Traditions' Partnership Agreement, which provides advancement to Traditions' "Partners, independent contractors and other agents."[2] Plaintiff argues that it meets this definition because it is a limited partner or an agent of Traditions.

The issue of whether Plaintiff is a limited partner of Traditions is squarely before the court in the Virginia Action. In the Underlying Claims, Germaine Harmon and CGH seek a declaration that the Trust is not a limited partner in Traditions and correspondingly the return of any monies that the Trust received in its capacity as limited partner of Traditions.[3] The Virginia Action is scheduled for a December 2021 jury trial.[4]

Having reviewed Plaintiff's arguments in support of summary judgment, and without resolving that motion, I am convinced that Plaintiff's status as a limited partner is

---

[1] *Fuisz v. Biovail Techs., Ltd.*, 2000 WL 1277369, at *3 (Del. Ch. Sept. 6, 2000).

[2] C.A. No. 2021-0407-KSJM Docket No. ("Dkt.") 1, Verified Compl. for Advancement ("Compl.") Exhibit ("Ex.") A, Ltd. P'ship Agr. of Traditions, L.P. § 8.1.

[3] Compl. Ex. E ¶¶ 65-73; Compl. Ex. F ¶¶ 27-34.

[4] *See* Dkt. 17, Def.'s Opening Br. in Support of Its Mot. to Dismiss or Stay, Ex. 1 at 013.

2

a material, factually rife, and disputed issue. The Trust maintains that it received the consent of partners holding at least 50% of the total capital account balances of all partners in Traditions to be admitted as a limited partner, as required by Section 4.2 of the Partnership Agreement.[5] The Trust's own statements in the Virginia Action reflect that this issue is fact intensive and disputed.[6]

Because Plaintiff's status as a limited partner is an issue to be decided by the federal court, efficiencies could be gained by staying this suit in favor of the Virginia Action. Because the Virginia Action is in its penultimate phase, the federal court is likely to resolve this factual issue before this court could. Attempting to resolve this factual dispute in parallel with the federal court would not only waste judicial resources, but it also risks conflicting rulings that run contrary to principles of comity.[7] These factors all weigh in favor of a stay.

Plaintiff argues that this court could both proceed at an expedited pace and avoid a collision course with the Virginia Action. Plaintiff contends that this court could dodge the overlapping question of whether Plaintiff is a limited partner by either deferring that

---

[5] Compl. Ex. A ¶ 4.2.

[6] *See generally* Dkt. 13, Op. Br. in Supp. of Pl.'s Mot. for Summ. J. at 24.

[7] *See, e.g.*, *In re RJR Nabisco, Inc. S'holders Litig.*, 576 A.2d 654, 662 (Del. Ch. 1990) ("Self-imposed obligations of comity in our federal system, springing from our concern for systemwide efficiency and for the dignity of the courts of other jurisdictions, counsel that this court not exercise jurisdiction where an earlier filed action between the same parties or those in privity with them, arising from the same transaction is going forward."); *Third Ave. Tr. v. MBIA Ins. Corp.*, 2009 WL 3465985, at *1 (Del. Ch. Oct. 28, 2009) ("The United States is a federal republic that depends on comity among the states . . .").

factual determination to the indemnification phase or granting Plaintiff advancement as an "agent" of Traditions.

In support of deferring the issue until the indemnification stage, Plaintiff cites to *Mooney v. Echo Therapeutics, Inc.*[8] There, the plaintiff sought to enforce a bylaw granting advancement to officers and directors who were made a party to an action "by reason of the fact that such person is or was a director or officer of the Corporation."[9] The defendant argued that the underlying claims were asserted against the plaintiff by reason of his personal and not his official capacity. The court rejected this argument, observing that

> Delaware courts generally have eschewed attempting to resolve disputes over whether claims relate to a *potential indemnitee's personal or official capacity* at the advancement stage unless the answer can be discerned swiftly, accurately, and consistent with the summary nature of an advancement proceeding. Deferring resolution of less clear-cut disputes to the indemnification stage helps avoid excessive litigation over advancement.[10]

As the above passage reflects, the dispute at issue in *Mooney* centered on the by-reason-of-the-fact standard. The defendant in *Mooney* did not dispute that the plaintiff was a covered person in that he was a director or officer of the company. Nor did the court defer consideration of that issue to the indemnification phase.

---

[8] 2015 WL 3413272 (Del. Ch. May 28, 2015).

[9] *Id.* at *3.

[10] *Id.* at *8 (emphasis added).

By contrast, here, the defendant disputes whether Plaintiff qualifies as a covered person, either as a limited partner or an agent. Generally, where the defendant disputes that the advancement plaintiff was a covered person, this court *has* engaged in factfinding into that discrete issue during the advancement phase.[11] Plaintiff's argument to the contrary is thus misguided.

Plaintiff's alternative argument that this court may avoid conflict with the Virginia Action by awarding Plaintiff advancement as an "agent" of Traditions too fails. For starters, it would be intolerably inefficient for this court to proceed piecemeal to resolve the limited question of whether Plaintiff was an agent of Traditions. Moreover, to demonstrate that Plaintiff was an agent of Traditions, Plaintiff must show that it acted on behalf of Traditions, and within the scope of its agency, when dealing with third parties. A quick glance of the pleadings in the Virginia Action reveal that this issue is both fraught with factual disputes and intertwined with the issues presented to the federal court. Thus, this court will not expeditiously plow forward to resolve whether Plaintiff is an agent of Traditions while the Virginia Action is pending.

---

[11] *See*, *e.g.*, *Aleynikov v. The Goldman Sachs Grp., Inc.*, C.A. No. 10636-VCL, at 15-17 (Del. Ch. July 13, 2016) (Post-Trial Order and Final Judgment) (making a factual finding post-trial that the evidence "did not provide a convincing basis on which to construe the term 'officer'" and denying advancement, as the advancement plaintiff had failed to satisfy his burden of proof.); *Kale v. WellCare Health Plans, Inc.*, C.A. No. 6393-VCS, at 56-66 (Del. Ch. June 13, 2011) (TRANSCRIPT) (making a factual finding post-trial that the plaintiff was an officer of the company as a predicate to finding the plaintiff entitled to advancement).

At bottom, this court has broad discretion to issue a stay,[12] and the unique circumstances of this case warrant a stay in favor of the Virginia Action.[13] For these reasons, Defendant's motion to stay is GRANTED. Plaintiff's motion for summary judgment will be held in abeyance until the stay is lifted. The parties shall report concerning the status of the Virginia Action as events warrant and no later than January 7, 2021.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

[12] *See IMO Ronald J. Mount 2012 Irrevocable Dynasty Tr. U/A/D Dec. 5, 2012*, 2016 WL 297655, at *3 (Del. Ch. Jan. 21, 2016) ("This sort of coordination in case management more readily falls within the Court's broad discretion in controlling its docket effectively and is not necessarily driven by the strong deference accorded first-filed actions in the *forum non conveniens* analytical context."); *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009) ("This Court possesses the inherent power to manage its own docket, including the power to stay litigation on the basis of comity, efficiency, or simple common sense."). Defendant argues for a stay under *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970), but that doctrine is not directly on point. Under *McWane*, "as a general rule, litigation should be confined to the forum in which it is first commenced." 263 A.2d at 283. Because Plaintiff has not claimed advancement in the Virginia Action, the issues are not the same. A stay is nevertheless warranted for the reasons set forth in this letter.

[13] It also bears noting that Plaintiff did not move with alacrity when moving to invoke the heavy machinery of litigation. Although the underlying claims were filed in November 2020, Plaintiff did not demand advancement until May 2021 and did not move for summary judgment until July 2021.