**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 4, 2023
Date Decided: January 23, 2023

Stacey A. Scrivani, Esquire
STEVENS & LEE, P.C.
919 N. Market Street, Suite 1300
Wilmington, DE 19801

Mr. Vamsidhar Vurimindi
821 Gunter Street
Austin, TX 78702

> Re:   *Numoda Corporation and Mary Schaheen v. Vamsidhar Vurimindi and Ann Shainline (formerly Ann Boris)*, C.A. No. 2022-0555-SG

Dear Counsel and Mr. Vurimindi:

This action represents the latest skirmish in a long-running dispute over ownership interests in a closely held corporation, here a Plaintiff.  Though most of the litigation has taken place in Pennsylvania, this Court determined in 2015 that Ann Shainline (née Boris), a party Defendant in the instant action, owned 7,745,000 shares of Plaintiff-here, Numoda Corporation ("Numoda").[1]  Those same shares were awarded to Defendant-here, Vamsidhar Vurimindi, by an order of the Pennsylvania Court of Common Pleas, Family Court Division in May 2020 (the "Family Court Order").[2]  As I address below, currently pending in the Pennsylvania

---

[1] *In re Numoda Corp.*, 2015 WL 1056143, at *1 (Del.Ch. Mar. 10, 2015).
[2] Df.'s Mot. to Stay, Ex. A ¶ V, Dkt. No. 7.

Court of Common Pleas is Vurimindi's action to effectuate the Family Court Order (the "Pennsylvania Action").

The present dispute centers on a purported conflict between a stock transfer agreement (the "STA")[3] of a predecessor entity to Numoda, and the Family Court Order.[4] Specifically, Plaintiffs—Numoda and a stockholder, Mary Schaheen—contend in this action that Shainline's attempts to transfer her shares to Vurimindi in compliance with the Family Court Order are unenforceable, due to STA provisions requiring that any stock transfers to non-stockholders be ratified by a majority vote of the existing stockholders.[5] Vurimindi, appearing *pro se* in both actions, argues here that his ownership interest in Numoda is valid; he also attempts to assert rights associated with his status as a stockholder, here through counterclaims.[6] He has also sued Numoda in the Pennsylvania Action, asserting similar claims to those here, including resolution and enforcement of Shainline's contested transfer of the stock.[7] Thus, the predicate issue for both this litigation and the Pennsylvania Action is the same—the viability of the Family Court Order in light of the STA.

---

[3] Pls.' Verified Compl., Ex. A, Dkt. No. 1 [the "STA"].
[4] *See generally* Pls.' Verified Compl. (seeking declaratory and injunctive relief to enforce the STA).
[5] *Id.* ¶ 45.
[6] *See* Df.'s Answer to Petition's Compl. at 53-66, Dkt. No. 5.
[7] Df.'s Mot. to Stay, Ex. C ¶ 11(b)-(c). That action was filed the day before the Delaware action.

As mentioned, in both this and the Pennsylvania Action, Vurimindi seeks vindication of his rights as a (theoretical) stockholder of Numoda, rights which are nugatory if Plaintiffs are correct concerning the STA. Faced with Vurimindi's claims arising from his purported status as a Numoda stockholder, and citing the Internal Affairs Doctrine, the Court of Common Pleas stayed that action pending resolution of this case.[8] Vurimindi seeks to dismiss or stay this action in favor of the Pennsylvania Action.[9] For the reasons below, I find a stay appropriate.

Vurimindi's counterclaims, as well as many of his claims in the Pennsylvania Action,[10] are predicated on his status as a Numoda stockholder. As mentioned above, that status is itself a contested issue in both litigations. Because of this, any claims arising out of Vurimindi's rights as a stockholder cannot be ripe until the STA dispute is resolved. Because I find, for the reasons explained below, that this predicate issue should be determined in the Pennsylvania Action, Vurimindi's counterclaims are not ripe, and I dismiss them, without prejudice.[11]

Having established that any claims involving Numoda's internal corporate affairs are not yet ripe, I turn now to the issue of forum for the STA issues. I first note that the STA in question involved stockholders to Numoda's predecessor, MCR

---

[8] Notice of Suppl. Authority, Ex. A at fn. 2, Dkt. No. 16.
[9] Df.'s Mot. to Stay ¶¶ 18-19.
[10] *See generally* Df.'s Mot. to Stay, Ex. C (asserting breach of duty claims against defendants).
[11] It is a matter for the Pennsylvania Court of Common Pleas, of course, to determine whether my decision on ripeness is *res judicata* with regard to any similar claims in the Pennsylvania Action.

Systems Inc., a Pennsylvania corporation;[12] and that the STA specifically, though not exclusively, calls for disputes thereunder to be resolved in Pennsylvania courts.[13] Next, I note that the Pennsylvania Action was first-filed by Vurimindi, the natural plaintiff in the matter, to enforce the Family Court Order.[14] Vurimindi cites *McWane* for the proposition that a stay in favor of the Pennsylvania Action should result.[15]

I find that this action should be stayed pending resolution of the STA dispute in Pennsylvania court. *McWane* encourages Delaware courts to stay an action when (1) there is a prior action pending elsewhere, (2) in a court capable of doing prompt and complete justice, (3) involving the same parties and the same issues.[16] This is premised on the principle that "litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing[.]"[17]

Plaintiffs argue that I should consider the two actions contemporaneous, given that the Pennsylvania Action was only filed one day before this one.[18] This is a

---

[12] As stated by Numoda's counsel. Oral Argument on Motion to Dismiss Counterclaims, January 4, 2023.

[13] STA § XXIV.

[14] *See* Pls.' Answering Br. in Opp'n to Df.'s Mot. to Stay at 4 (acknowledging that the Pennsylvania Action was filed one day earlier).

[15] Df.'s Mot. to Stay ¶ 18.

[16] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[17] *Id.*

[18] Pls.' Answering Br. in Opp'n to Df.'s Mot. to Stay at 4-5.

facially reasonable request.  It fails, however, to account for the fact that both actions are merely the latest iteration of a dispute that has been litigated in Pennsylvania courts for much of the last decade.[19]  As a result, I give some weight to the fact that the Pennsylvania Action was first-filed.

More to the point, I note that the Pennsylvania Court of Common Pleas is capable of doing prompt and complete justice, and is perhaps the court best poised to do so.  If the Plaintiffs are correct that the STA precludes the relief the Defendant seeks in the Pennsylvania Action, that contract question may be resolved as readily in the Pennsylvania Action as here.  Moreover, equitable resolution of the STA dispute will likely involve revisiting the Family Court Order.  Vurimindi received the shares at issue pursuant to his divorce from Shainline.[20]  Under that equitable distribution, the Pennsylvania Family Court presumably awarded property to Shainline in consideration of provision of the stock at issue to Vurimindi. If, as Plaintiffs contend, effective transfer of the shares to Vurimindi is impossible,[21] a court will need to assess how to equitably resolve the resulting paradox.[22]  Given that the equitable distribution was ordered by a division of the Pennsylvania Court

---

[19] *See* Df.'s Mot. to Stay ¶¶ 1-13.

[20] Df.'s Mot. to Stay, Ex. A.

[21] Because Numoda's other stockholders would never approve such a transfer.

[22] Given Numoda's opposition to Vurimindi's stock ownership, one potential resolution would involve compelling Shainline to cause Numoda to repurchase Shainline's shares, pursuant to the process provided in the STA. STA § XXI-XXIII.  In that scenario, while Shainline would remain the legal owner of the shares, Vurimindi would be the beneficial owner and the sale proceeds would flow to him.

of Common Pleas, I believe that court is best positioned to provide complete relief in the STA dispute.

Finally, Numoda asserts that its by-laws provide for exclusive Delaware venue for internal affairs litigation.[23] Numoda seeks a declaration in this litigation that Vurimindi is not, and cannot be, a stockholder. If so, there is no internal affairs question in this litigation. On that ground, I have dismissed Vurimindi's counterclaims, which do pose questions of internal affairs, as unripe. Accordingly, any venue provision in the by-laws is unavailing. Of course, should Vurimindi prevail in the predicate STA litigation and perfect transfer of the shares to himself, he would be free to file against Numoda *qua* stockholder. That hypothetical litigation, presumably, would be subject to the venue provision in the bylaws.

For the foregoing reasons, whether pursuant to *McWane* or to my inherent discretion to oversee my docket, I stay the Plaintiffs' claims pending resolution of the Pennsylvania Action.[24] I am mindful that the court in that action stayed in deference to this decision, and that the parties should not be left without a venue. Accordingly, I retain jurisdiction for further action, as circumstances may require. Any party may seek to lift the stay in this Court, as appropriate.

---

[23] Numoda's by-laws have not been provided. *See* Pls.' Answering Br. in Opp'n to Df.'s Mot. to Stay at 6-7, Dkt. No. 14 (citing an exhibit to a previous brief, where no such exhibit is on file).
[24] *See Brenner v. Albrecht*, 2012 WL 252286, at *4 (Del. Ch. Jan. 27, 2012) (holding that this Court has broad discretion to stay actions in the furtherance of judicial, litigant, and counsel economy).

An Order is attached.

Sincerely,
*/s/ Sam Glasscock III*
Vice Chancellor

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

NUMODA CORPORATION and )
MARY SCHAHEEN, )
                  )
           Plaintiffs, )
                  )
       v. ) C.A. No. 2022-0555-SG
                  )
VAMSIDHAR VURIMINDI and ANN )
SHAINLINE (formerly known as ANN )
BORIS), )
                  )
           Defendants. )

## ORDER

For the reasons provided in my letter opinion of January 6, 2023, Defendant Vurimindi's counterclaims are dismissed without prejudice as unripe, and the matter is stayed pending resolution of the parallel action in Pennsylvania Court.


IT IS SO ORDERED.

/s/ Sam Glasscock III
Vice Chancellor