**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 8, 2024
Date Decided: May 14, 2024

Ryan D. Stottman, Esq.
Kirk C. Andersen, Esq.
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
Wilmington, Delaware 19801

Kevin R. Shannon, Esq.
Christopher N. Kelly, Esq.
David A. Seal, Esq.
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801

> Re:  *Berman v. Fortress Investment Group LLC, et al.*,
> C.A. No. 2023-0611-SG

Dear Counsel:

Defendant Fortress Investment Group LLC ("Fortress") is an investment-management firm.[1]  Plaintiff Andrew Berman is a former employee and investment portfolio manager of Fortress.[2]  Plaintiff's compensation was made up partly of a salary and partly through equity interests, known as "Points," in the carried interest received by Fortress in connection with its investment returns.[3]  After 2009, the equity interests were placed in a Delaware LLC, Defendant Hybrid GP Holdings LLC ("Hybrid"), to be managed, according to Plaintiff, for the benefit of himself

---

[1] Verified Am. Compl. ¶¶ 1, 7, Dkt. No. 25 ("Am. Compl.").
[2] *Id.* ¶¶ 32–33.
[3] *Id.* ¶¶ 3–7, 45.

and similarly situated employees.[4]  Instead, according to the Amended Complaint, Hybrid adopted policies adverse to Plaintiff's interests.[5]  In 2016, Plaintiff left his employment with Fortress.[6]

In 2021, Plaintiff brought suit in San Francisco Superior Court against Fortress Investment Group, LLC, Marc Furstein, Dean Dakolias, and Peter Briger, alleging the situation described above and that all named defendants in California had breached their fiduciary duties owed to Plaintiff, or aided and abetted such breach.[7]  In April 2022, the California complaint was dismissed in favor of "mandatory arbitration" under a clause in a separation agreement between the parties (the "Separation Agreement").[8]  Plaintiff refiled the action as a JAMS arbitration in June 2022.[9]  That case is still being litigated.  On June 12, 2023, Plaintiff brought this Delaware action against Fortress Investment Group LLC, Hybrid GP Holdings LLC, Fortress Operating Entity I LP, FCO Fund GP LLC, FCO Fund II GP LLC, FCO MA GP LLC, FCO MA II GP LLC, FCO Fund III GP LLC, FCO MA LSS GP LLC, and FCO MA Maple Leaf GP LLC.[10]  Plaintiff alleges that the defendants in

---

[4] *Id.* ¶ 37.
[5] *See id.* ¶¶ 8–11.
[6] *Id.* ¶ 47.
[7] *Id.* ¶ 99; *see also* Defs.' Mot. to Dismiss Verified Am. Compl., Ex. 3 ¶¶ 60–69, Dkt. No. 29.
[8] Defs.' Mot. to Dismiss Verified Am. Compl., Ex. 4 at Ex. B, Dkt. No. 29.
[9] Defs.' Mot. to Dismiss Verified Am. Compl., Ex. 7, Dkt. No. 29.
[10] *See* Am. Compl. ¶¶ 18–27.

the Delaware action breached duties owed under the Hybrid LLC Agreement and breached their fiduciary duties.[11]

The Separation Agreement has a mandatory venue provision in favor of arbitration in California.[12] The Hybrid LLC Agreement has a mandatory venue provision favoring Delaware.[13] Both contracts' provisions are broad and robust. Defendants here have moved to dismiss. This raises many complex issues of civil procedure: Has Plaintiff impermissibly split his claim? Does the *McWane* doctrine[14] indicate that all issues be heard in California? Has Plaintiff waived the Delaware forum selection provision of the Hybrid LLC Agreement by filing the California action? I find I need not address these questions at this stage of the proceeding. That is because it is clear that the JAMS arbitration is well underway and will presumably be decided quickly. While the parties to the Delaware action are not identical to the parties in the JAMS arbitration, there is significant overlap of issues and the damages sought by Plaintiff in the JAMS arbitration are coterminous with the damages sought here. It is appropriate, I find, to exercise my discretion over my docket,[15] and stay this matter until resolution of the JAMS arbitration.

---

[11] *Id.* ¶¶ 106–19.
[12] *See id.* ¶ 100.
[13] Defs.' Mot. to Dismiss Verified Am. Compl., Ex. 2 § 12.1(b), Dkt. No. 29.
[14] *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970).
[15] *See In re TGM Enter., L.L.C.*, 2008 WL 4261035, at *1 (Del. Ch. Sept. 12, 2008) ("The Court's right to grant a stay is within the exclusive discretion of the Court. The discretion to

There is a substantial possibility that some or all issues here will be resolved or mooted by the JAMS arbitration. Therefore, I enter a stay. The parties should submit a form of order that permits the parties in Delaware to review discovery produced in California, so that if the Delaware action must proceed, it can do so with alacrity. The form of order should also provide that any party may seek to lift the stay, for cause shown.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

issue a stay is inherent in every court and flows from its control over the disposition of causes on its docket.") (internal citation and quotations omitted).